Davis *et al. v.* J & B Motor Lines *et al.*

(*Knoxville*, September Term, 1951.)

Opinion filed December 14, 1951.

Rehearing denied February 9, 1952.

B. B. Fraker and Willis Jaynes, both of Greeneville, for plaintiffs.

John A. Armstrong, and Maupin, Berry & Coleman, all of Greeneville, for defendants.

Mr. Justice Gailor delivered the opinion of the Court.

This is a proceeding under the Workmen's Compensation Act. The petitioners who appeal are the widow and minor children of the employee, Lloyd Howard Davis, whose death while driving a truck led to the petition for compensation. The defendants are J & B Motor Lines, a partnership, J. O. Bales and W. F. Smith, the partners composing it, and Fred Bales, a brother of J. O. Bales, who was a subcontractor and the immediate employer of the deceased employee, Davis.

J & B Motor Lines was under contract with Austin Company of North Carolina, to haul tobacco. The Motor Lines had entered into a lease with Fred Bales, by which they used his trucks for that purpose. Compensation for haulage was paid to J & B Motor Lines and they in turn settled with Bales.

On December 19, 1949, a truck operating under this lease agreement, driven by Davis, loaded with tobacco from the Austin Company and consigned to a place in North Carolina, had a wreck on the highway as a result of which Lloyd Howard Davis was injured, and as a result of his injuries subsequently died.

At the conclusion of all the evidence, the defendants made motion to dismiss the petition, and after taking this motion under advisement and delivering a memo-

randum opinion, the Chancellor granted the motion and dismissed the petition.

The defendants had resisted payment of compensation on three grounds, namely:

(1) That Fred Bales was an independent contractor.

(2) That the accident did not occur on, in or about the premises of the defendants.

(3) That defendant, Fred Bales, is not operating within the provisions of the Workmen's Compensation Act in that he did not employ five persons.

The Chancellor found that the question whether the accident occurred in or about the premises of the defendants was controlling, and construing Code, Section 6866 as defendants insisted it should be construed, the Chancellor dismissed the petition. Deciding for the complainants on the other two propositions made by the defendants, the Chancellor said in his opinion: "The construction of the fourth paragraph, Section 6866 of Williams' Annotated Code of Tennessee, is determinative of the rights of the parties in this case." The language under construction is as follows: "This section shall apply only in cases where the injury occurred on, in, or about *the premises on which the principal contractor has undertaken to execute work* or which are otherwise under his control or management." (Emphasis ours.)

Holding for the defendants, the Chancellor said of this section of the Code: "And the Court is not unmindful of the fact that this section of the Code excludes a great many truck drivers from the benefit of the Act. And regardless of how liberal a construction this Court would like to place on this Act, it is satisfied that the legislature did not intend that a truck or a vehicle be deemed 'the premises,' nor does it intend that the public highway be

so classed, because the highway was not under the control or management of the defendants in this case."

Davis was a truck driver employed to haul freight by truck on the highways. In the course and within the scope of that employment he received injuries from which he died. When Davis was employed, the J & B Motor Lines had a contract which contemplated the hauling of tobacco and other freight on the highways. To the extent necessary to execute that contract, the J & B Motor Lines had use and control of the highways for the purpose of the contract, and to the extent necessary for the performance, the highways were "premises on which the principal contractor has undertaken to execute work". Code, Section 6866, supra.

In innumerable cases, this Court has approved the award of compensation to employees who were injured on premises which were not within the control of the employer except to the extent necessary for the performance of his contract "on which the principal contractor has undertaken to execute work." It has never been suggested, and cannot successfully be suggested, under a proper construction of the Act, that because the "premises" are the property of the Government, as are the highways, that that should defeat the operation of the Workmen's Compensation Act growing out of a private contract to be performed on Government property. In *Anderson* v. *Volz Constr. Co.*, 183 Tenn. 169, 191 S. W. (2d) 436, the employee was engaged in work on the property of the United States Government at Millington; in *Olsen* v. *Sharpe*, 191 Tenn. 503, 235 S. W. (2d) 11, the accident occurred on the United States property at Oak Ridge. In *Storie* v. *Taylor Supply Co.*, 190 Tenn. 149, 228 S. W. (2d) 94, the compensable injury was received as here, in an automobile wreck on the highway.

We find it unnecessary to lengthen the opinion by citation of further authority where this Court has held that injuries growing out of automobile wrecks on the highways, have been held compensable.

The decree is reversed and the case remanded to the Chancery Court for entry of a decree awarding compensation in an appropriate amount to complainants. Defendants will pay the costs.