39806.   CORBITT v. McCLURD.

Decided November 19, 1962—
Rehearing denied December 6, 1962.

*Albert E. Butler, W. Glenn Thomas,* for plaintiff in error.

*William A. Zorn, William D. Turner, Thomas, Howard & Moran,* contra.

NICHOLS, Presiding Judge. The judgment of the superior court reversing the award of the State Board of Workmen's Compensation is based on the ground that the claimant was employed by Collins, that Collins was an independent contractor of McClurd, and that the relationship between McClurd and Rayonier, Inc., was not such that McClurd was a contractor and Collins his subcontractor so that *Code* § 114-112 would be applicable. This Code section provides as follows: "Principal, intermediate or subcontractor, when liable. Recovery. — A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer.

"Any principal, intermediate, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

"Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's right to recover compensation under this Title from the principal or intermediate contractor: Provided, that the collection of full compensation from one em-

ployer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of the said contractors is liable.

"This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management."

The record in the present case is quite voluminous, consisting of over 350 pages, and it would serve no useful purpose to quote extensively from it. Suffice it to say that if the evidence authorized a finding that McClurd was a contractor, and Collins his subcontractor, as referred to in the above Code section then the finding of the full board was authorized by the evidence and the judgment of the superior court reversing such award was error.

There was evidence which would authorize a finding that McClurd held a contract to furnish pulpwood to Rayonier, Inc., that he employed Collins (claimant's immediate employer), to cut pulpwood from a tract of land owned by him (McClurd) and to deliver such pulpwood to Rayonier's plant. While Collins and McClurd both testified that the contract was one with a definite beginning and ending (Collins was to cut all the timber suitable for pulpwood on the tract of land and deliver it to Rayonier), yet there was also evidence that the amount of pulpwood to be delivered to Rayonier each week varied and that McClurd had a right to limit the amount of production of Collins, and the injury occurred on premises which McClurd had under his control and management. Whether the evidence would have authorized any other finding of fact and award, other than that reached by the board, is immaterial, for it is the well settled rule that where there is any competent evidence to support the award of the State Board of Workmen's Compensation neither the superior court nor this court has authority to reverse such award. The superior court erred in reversing the award of the full board.

*Judgment reversed. Frankum and Jordan, JJ., concur.*