## 40485. ELBERFELD v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al.

EBERHARDT, Judge. This is a workmen's compensation case where the employee suffered a myocardial infarction at about 4 a.m. after he had left work at 5 p.m. the previous day.

While there was testimony that the decedent had often been under tensions from the stress of making decisions and at times from conflicts with other employees on his job, there was also testimony that on his last day of work and perhaps for some time prior thereto the job routine had been normal, that he had not been subjected to any unusual physical strain, and that he appeared to have been enjoying a normal state of health. There was no evidence that he had suffered from any heart condition at any time prior to the fatal attack. Medical evidence was submitted both by the claimant and the insurance carrier, some of it to the effect that the job tensions "could have been a contributing factor" while some was that they had nothing whatever to do with the fatal attack. The single director and later the full board denied compensation, and the award was affirmed by the superior court. *Held:*

The evidence presented a factual question that was resolved against the claimant, with competent evidence in the record supporting the award. Whether the evidence would have authorized any other finding of fact and award than that reached by the board is immaterial for it is the well settled rule that where there is any competent evidence to support the award of the State Board of Workmen's Compensation neither the superior court nor this court has authority to reverse.[1] *Corbett v. McClurd,* 107 Ga. App. 113, 115 (129 SE2d 389).

Claimant relies upon the decision of the Supreme Court in *Thomas v. United States Cas. Co.,* 218 Ga. 493 (128 SE2d 749), but it requires no different result here because, first, it appeared there that the exertion to which the attack was attributed occurred on the job and while in the course of

[1]It is to be noted that the employee's death occurred March 20, 1959, the award of the single director was made April 10, 1962 and that of the full board August 16, 1962. Consequently the rule requiring that it be shown by a "preponderance of competent and creditable evidence that [the attack causing death] was attributable to the performance of the usual work of employment" as stated in the amendment to *Code* § 114-102 by the Act of 1963, pp. 141, 142 was not urged and has not been considered here.

deceased's employment, and secondly, it was simply held there, as we do here, that there was competent evidence to support the determination made by the board as to whether the exertion caused the employee's death.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

DECIDED JANUARY 17, 1964—REHEARING DENIED JANUARY 29, 1964.

*Grubbs, Prosser & Burke, J. M. Grubbs, Jr., Holcomb & McDuff, Frank D. Holcomb,* for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, James B. Hiers, Jr., Frank M. Swift,* contra.