41990. EVANS et al. v. HAWKINS et al.

Argued May 4, 1966—Decided June 16, 1966—Rehearing denied July 19, 1966—

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*G. L. Dickens, Jr., F. W. Armstrong, III,* for appellees.

Jordan, Judge. No appeal having been taken from the award of the board entered against the decedent's immediate employer, Walker, whom the board found to be an independent contractor, the only issue properly before this court for determination is whether the board was further authorized to find that Evans was secondarily liable to the claimants under *Code* § 114-112 which provides as follows: "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer.

"Any principal, intermediate, or subcontractor who shall pay compensation under the foregoing provisions may recover the

amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor.

"Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's right to recover compensation under this Title from the principal or intermediate contractor: Provided, that the collection of full compensation from one employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of the said contractors is liable.

"This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management."

If the relationship of principal contractor-subcontractor existed between Evans and Walker within the purview of Code § 114-112, then the award was proper. *Churchwell Bros. Constr. Co. v. Archie R. Briggs Constr. Co.*, 89 Ga. App. 550 (80 SE2d 212); *Corbitt v. McClurd*, 107 Ga. App. 113 (129 SE2d 389); *Zurich General Accident &c. Ins. Co. v. Lee*, 36 Ga. App. 248 (136 SE 173). The terms "principal contractor" and "subcontractor" are not expressly defined in the Workmen's Compensation Act and such terms have not been specifically construed in the decisions of this court having application to *Code* § 114-112. However, it is clear to this court that since the secondary liability imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and services, for another, and then sublet in whole or part such work. See in this connection, *Evans v. Tabor City Lmbr. Co.*, 232 N. C. 111 (59 SE2d 612). The proper imposition of secondary liability under *Code* § 114-112 is thus exemplified by the decision of this court in *Corbitt v. McClurd*, supra. In that case, the evidence showed that McClurd had contracted to fur-

nish pulpwood to Rayonier, Inc., and that he employed one Collins (the claimant's immediate employer) to cut pulpwood from a tract of land owned by McClurd and to deliver such pulpwood to Rayonier's plant. The court held that such evidence authorized a finding that McClurd was a principal contractor and Collins, his subcontractor, within the provisions of *Code* § 114-112.

A similar situation is presented in the present case. Here, Evans executed a "Timber Sale Contract" with the United States Government which gave him the right to cut and remove certain timber from the Hitchiti Experimental Forest but which obligated him to perform substantial services for the government which would help to preserve and maintain the Hitchiti Experimental Forest in accordance with good forestry practices and which would enable the government, acting through the Forestry Service of the United States Department of Agriculture, to evaluate rate of growth, timber yield, etc., in the various compartments or divisions of the forest. After contracting with the government, Evans then in turn subcontracted with Walker, an independent contractor, to cut and remove the timber and to perform those services in behalf of the government which he was obligated to perform under the principal contract.

The only material difference in this case and the *McClurd* case, supra, therefore, is that Evans was the buyer under a contract of sale executed with another party while McClurd was the seller; in connection with the principal contract, however, both Evans and McClurd were obligated to perform substantial services, McClurd to cut and remove pulpwood from his own land and deliver to Rayonier, Inc., the buyer, and Evans to cut and remove the timber from the land of the seller and in connection therewith to perform other substantial services for the seller. Both, having executed the principal contract, then in turn sublet the work to be performed thereunder to a third party; and both in our opinion were properly held to be principal contractors within the purview of *Code* § 114-112. See in this connection, Brothers v. Dierks Lumber &c. Co., 217 Ark. 632 (232 SW2d 646) in which the Supreme Court of Arkansas in a case remarkably similar to this reached the same conclusion. As

stated in that decision, "We do not hold that a mere contract for the sale of goods makes either the buyer or seller, or both, a 'contractor' within the meaning of section 6 [*Ga. Code* § 114-112], but we are committed to the view that when the contract to sell is accompanied by an undertaking by either party to render substantial services in connection with the goods sold, that party is a 'contractor' within the meaning of the section."

The award of the board finding that Evans was secondarily liable to the employees of Walker under *Code* § 114-112 was authorized by the evidence before the board, and the judgment of the superior court is affirmed.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*