### 42856. AMERICAN CASUALTY COMPANY et al. v. SMITH.

JORDAN, Presiding Judge. In this workmen's compensation case the uncontradicted evidence discloses that a building contractor employed a general foreman to supervise the construction of a dwelling and furnished funds to him to pay expenses incurred. The foreman hired another to lay bricks and blocks as required, the materials being furnished by or on behalf of the general contractor. The general foreman paid this person weekly for work completed and accepted, at an agreed rate of $45 per thousand bricks and $0.16 per block. This person hired others to assist him, but the general foreman relied solely on the person he had employed to complete the work required in an acceptable manner, and neither exercised nor considered that he had authority to exercise direct control or supervision over the other persons assisting the person he had hired. One of these persons died as the result of injuries received at work, and his widow sought compensation.

A single hearing officer denied compensation on the basis that the deceased was an employee of an independent contractor not covered by the workmen's compensation law and not an employee of the general contractor. The full board on appeal, one member dissenting, determined the existence of an employee-employer relationship between the deceased and the general contractor, and awarded compensation. On further appeal the superior court affirmed. The general contractor and his insurer now appeal to this court, asserting in three enumerations of error that, as to the employee-employer relationship, the award is not supported by the evidence, the award is not supported by sufficient underlying findings of fact, and the award is based on an erroneous legal theory. *Held:*

1. Whether an appeal is subject to dismissal for noncompliance with the provisions of *Code Ann.* § 24-2729 depends upon the result of such fact to the extent that it deprives the appellate court of jurisdiction, e.g., a' delay in transmittal preventing timely consideration of the appeal. See *City of Atlanta v. Akins*, 116 Ga. App. 230 (156 SE2d 665). The clerk transmitted the appeal in the present case within the time provided by law, despite the fact that the appellants had not paid the

costs at that time, and the nonpayment of such costs until after transmittal has in no way affected the handling and consideration of the appeal. The motion to dismiss the appeal is without merit.

2. Whether a workman in a workmen's compensation case is an employee is usually a question of fact and not of law, but where the only evidence adduced shows that one who agreed with the general foreman of a general contractor to provide the masonry work for a dwelling, at a stipulated piece-work rate for work completed and accepted, at the rate of $45 per thousand brick and $0.16 per block laid, and that such person employed others at an hourly rate to assist him, over whom the general foreman did not exercise any control and over whom he had no authority to exercise any, the evidence fails to negate the apparent status of an independent contractor occupied by the person employed by the general foreman, and will not support a determination of an employee-employer relationship between one employed by such a person and the general contractor. *Employers Mut. Liab. Ins. Co. v. Johnson,* 104 Ga. App. 617 (122 SE2d 308). See *Lamb v. Fulton Bag & Cotton Mills,* 26 Ga. App. 572 (106 SE 607); *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133); *Richards v. Marco Realty Co.,* 57 Ga. App. 242 (194 SE 880).

As there was an agreement in this case to do certain work according to specifications for an agreed price as completed and accepted, including positive testimony negating any authority to control the manner, method, and means of performance, no basis existed for the board to apply the principle stated in *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778, 781 (117 SE2d 924), that absent such a contract it is inferable that the person obtaining the work is an employer who retains the right to control the manner, methods, and means of doing the work, and that his employee is not an independent contractor.

3. In view of the foregoing ruling on the insufficiency of the evidence as a whole to support a determination of an employee-employer relationship, it is unnecessary to consider the issue asserted by the second enumerated error, that the award is not supported by sufficient underlying findings of fact.

4. In the findings the majority of the full board, after quoting an excerpt from the College Law Dictionary defining an independent contract as not being dependent upon another for performance, stated "We further find that there was nothing

independent about the building of this house but that it was all in cooperation and in coordination one with another. No man could brick veneer a house except someone else frame it." The board proceeded under an erroneous legal theory if by these findings the majority of the board concluded that it was legally impossible for a general contractor to engage the services of an independent contractor to complete portions of a dwelling, such as the brick veneering, merely because it would be necessary to complete the framing first. To this extent this case is controlled by the ruling in *American Fire & Cas. Co. v. Davidson,* 116 Ga. App. 255.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED JUNE 7, 1967—DECIDED SEPTEMBER 5, 1967—REHEARING DENIED SEPTEMBER 20, 1967—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellants.

*Brown & Dollar, James R. Dollar, Jr., Dan Winn,* for appellee.