45885.   AMERICAN MUTUAL LIABILITY INSURANCE
COMPANY et al. v. FULLER.

ARGUED JANUARY 8, 1971—DECIDED MARCH 15, 1971—
REHEARING DENIED APRIL 2, 1971—CERT. APPLIED FOR.

*Brackett, Arnall & Stephens, H. P. Arnall,* for appellants.

*Arthur Gregory,* for appellee.

QUILLIAN, Judge. The claimant's immediate employer, Marshall, did not have sufficient employees to come within the provisions of the Workmen's Compensation Act. The appellant contends that Marshall, the claimant's immediate employer, was an independent contractor and therefore Hames Supply Company would not be responsibile to the claimant for workmen's compensation benefits for any injuries he received while in Marshall's employment.

*Code Ann.* § 114-112 provides: "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer. Any principal, intermediate, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor. Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's right to recover compensation under this Title from the principal or intermediate contractor. If such immediate employer is not subject to this Title by reason of having less than the required number of employees as prescribed in section 114-107, and the provisions of section 114-607 do not apply, then such claim may be directly presented to and instituted against the intermediate or principal contractor: Provided, however, that the collection of full compensation from one employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of the said contractors is liable. This section shall apply only in cases where the injury occurred on, in or about the premises on which the

principal contractor has undertaken to execute work, or which are otherwise under his control or management." It is not necessary for recovery under *Code Ann.* § 114-112 that the principal contractor have control, or right of control, of the time, manner and method of performance of either the immediate employer or the claimant. *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324).

In the *Evans* case where *Code Ann.* § 114-112 was held to apply, the principal contractor had a contract with the federal government to cut and remove timber from a federal forest. The principal contractor then in turn subcontracted with an independent contractor to perform the services for which he had contracted with the federal government. On page 122 of the *Evans* case it is stated: "The terms 'principal contractor' and 'subcontractor' are not expressly defined in the Workmen's Compensation Act and such terms have not been specifically construed in the decisions of this court having application to *Code* § 114-112. However, it is clear to this court that since the secondary liability imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and services, for another, and then sublet in whole or part such work."

Under what is held above, it is clear that the claimant in the case sub judice comes within the provisions of *Code Ann.* § 114-112 if the injury takes place "on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management."

The claimant was injured in South Carolina when he fell from the truck while attempting to shift the load. The board held that *Code Ann.* § 114-112 did not apply because the injury did not occur on the premises as required by the statute.

While this question is one of first impression in this state, the Supreme Court of Tennessee in construing the Tennessee Workmen's Compensation statute, which contains the identical language as *Code Ann.* § 114-112, held: "When Davis was employed, the J & B Motor Lines had a contract which contemplated the hauling of tobacco and other freight on the highways. To the ex-

tent necessary to execute that contract, the J & B Motor Lines had use and control of the highways for the purpose of the contract, and to the extent necessary for the performance, the highways were 'premises on which the principal contractor has undertaken to execute work.'" Davis v. J & B Motor Lines, 193 Tenn. 233, 236 (245 SW2d 769). The position taken in the Davis case is sound and is adopted by this court.

The claimant being within the provisions of *Code Ann.* § 114-112, the ruling of the superior court was correct.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*