### 47931. AETNA CASUALTY & SURETY COMPANY et al. v. BARBER.

HALL, Presiding Judge. The City of Carrollton and its insurer appeal from the judgment of the superior court affirming an award of death benefits by the State Board of Workmen's Compensation.

The city was asked and agreed to run a sewer line to a new subdivision. The owner of the property was to pay for half of the installation costs, but the city supplied the materials, made periodic inspection of the work in progress and would, after completion and acceptance, own and maintain the line thereafter. However, the city declared it did not have sufficient personnel to perform the job so it contracted with B & S Construction Company to dig the ditches and lay the pipe. It is undisputed that the city is subject to the Workmen's Compensation Act under Code Ann. §§ 114-101 and 114-107. It is also undisputed that the deceased was an employee of B & S Construction Co., which is not subject to the Act, and that he was killed by a cave-in of a ditch while working on the sewer project.

The appellants argue at length that the deceased was not an employee of the City; that B & S Construction Co. was an independent contractor in relation to the city. We do not disagree with this. It simply has no relevance. The issue of whether the city is liable is governed by Code Ann. § 114-112 which specifically provides for those situations involving subcontractors. See *American Mutual Liability Ins. Co. v. Fuller,* 123

Ga. App. 585 (181 SE2d 876). The pertinent parts of the statute read: "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer ... Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, ... If such immediate employer is not subject to this Title by reason of having less than the required number of employees as prescribed in section 114-107, and the provisions of section 114-607 do not apply, then such claim may be directly presented to and instituted against the intermediate or principal contractor: ... This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management."

However, the appellants also contend that the city is not a principal contractor within the meaning of § 114-112 for two reasons. The first is that a sewerage system is a governmental rather than ministerial function. This distinction is irrelevant in a workmen's compensation case, as opposed, for example, to a tort action. The city is a statutory employer under the Act. It would have to compensate its own employee under the same circumstances. Subcontracting, as the legislature has declared, does not enable it to evade this responsibility.

The appellants further contend that the city does not meet the definition of a "principal contractor" set out by this court in a 1966 case, *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324). That case held (p. 122): "[I]t is clear to this court that since the secondary liability imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor

relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and services, for another, and then sublet in whole or part such work." The appellants contend that the city here is merely an owner-employer who let out work on contract, and not a principal contractor. We disagree. The city had an agreement with the subdivision property owner to construct a sewer line. The city in turn subcontracted the work to B & S Construction Company. If the city had determined on its own to run a sewer line someplace, using its power of eminent domain, or if it had merely let out a contract as an owner, e.g., to re-roof the city hall, then it would not be a principal contractor as defined by *Evans.* Under the facts of this case, it is.

We are constrained by this narrow definition although the respected commentators on the subject would give it a broader meaning: any employer who gets part of his own regular work done by employees of a subcontractor. This is because the intent of most "statutory employer" statutes is to prevent evasion of coverage by preventing an employer from subletting to irresponsible, noncovered contractors. See 1A Larson's Workmen's Compensation Law 853, § 49; Feild, Annual Survey of Workmen's Compensation, 22 Mercer L. Rev. 413, 415 (1971). This is now, however, a matter for the legislature.

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED FEBRUARY 8, 1973 — DECIDED APRIL 4, 1973 — REHEARING DENIED APRIL 25, 1973.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellants.

*Vernon W. Duncan, Hubert G. Holland,* for appellee.