### 35094. HOLT v. TRAVELERS INSURANCE COMPANY et al.

PER CURIAM.

After further consideration we conclude that certiorari was improvidently granted, and the writ is therefore dismissed.

*Dismissed. Undercofler, P. J., Jordan, Hall and Bowles, JJ., concur. Nichols, C. J., and Hill, J., and Judge Joel J. Fryer, dissent. Marshall, J., disqualified.*

ARGUED SEPTEMBER 17, 1979 — DECIDED DECEMBER 5, 1979, NUNC PRO TUNC NOVEMBER 27, 1979 — REHEARING DENIED DECEMBER 19, 1979.

*Donna J. Salem,* for appellant.

*Neely, Player, Hamilton & Hines, B. A. Bladen, Andrew J. Hamilton, Edgar A. Neely, Jr., Vance S. Davis,* for appellees.

HILL, Justice, dissenting.

Booker T. Holt, Jr., was driving a tractor-trailer rig from Desoto to Gainesville, Georgia, hauling a load of corn which had been sold by the Chokee Creek Elevator Company to Swift Mills in Gainesville when he was involved in a collision in Fulton County which caused his death. The tractor was owned by Holt's immediate employer, Vance Davis, who was not subject to workers' compensation, and the trailer was owned by the Chokee Creek Elevator Company ("Chokee Creek"), which was subject to the Workers' Compensation Act.

Chokee Creek owned its own tractors and additional trailers and employed several drivers for normal hauling, but during harvest season it contracted with Davis,

among other independent truckers, to help haul corn and soybeans. Chokee Creek had a payment arrangement with Davis by which it would pay Davis a percentage of the gross profit per load, making no deductions. Davis would use his own tractor and pay his own expenses. Davis paid his sole employee, Holt, a percentage of the receipts from Chokee Creek according to the earnings on the loads driven by Holt.

On the day of the accident Holt called Chokee Creek looking for a load and was told he could take a load from Desoto to Swift Mills in Gainesville. Apparently he could have refused the load under the agreement between Davis and Chokee Creek to the effect that if a load did not "pay enough," Davis could refuse it and one of Chokee's employed drivers would haul it.

After the accident, Holt's widow, individually and as guardian for Holt's minor children, filed a workers' compensation claim for benefits against Davis, Chokee Creek, and Chokee Creek's insurer (Travelers). At a hearing the administrative law judge ruled that the sole issue was whether Holt was an employee of Davis or of Chokee Creek. He found that Holt had been the sole employee of Davis; that Davis therefore was not subject to workers' compensation; that Chokee Creek had "exercised no control" over Davis other than to decide to whom and when loads should be delivered; that Davis was an independent businessman in the business of hauling for hire; and that Holt had not been an employee of Chokee Creek. He denied recovery of compensataion as against Davis and Chokee Creek and its insurer. On review, the full Board of Workers' Compensation adopted the findings of the administrative law judge and upheld the denial of compensation. On appeal the superior court upheld the award. The Court of Appeals affirmed. *Holt v. Travelers Ins. Co.*, 149 Ga. App. 740 (257 SE2d 388) (1979). This court granted certiorari to determine the applicability of our "statutory employer" provision, Code Ann. § 114-112.[1] The majority now dismisses certiorari

---

[1] The facts found by the administrative law judge contain all that is necessary for our inquiry.

without written explanation. I respectfully dissent.

Code Ann. § 114-112 provides in pertinent part as follows: "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer. . . This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management."

Generally, workers' compensation is available to an employee only as against his or her employer when that employer is subject to the Act. Code Ann. §§ 114-101, 114-110. The Code section quoted in part above, Code Ann. § 114-112, provides coverage to an employee as against a person not his employer (i.e., as against a person with whom his employer has contracted) under the conditions specified in the Code section.

Analysis of this provision involves at least a three-tiered contractual arrangement: (1) a principal or general contractor who has a contract with (2) an intermediate contractor or subcontractor who has (3) an employee injured in the course of his employment.[2] (If the injured person is an independent contractor as opposed to an employee, the Code section is not applicable; see fn. 4 below.)

---

[2]The author of the Workers' Compensation section of the Encyclopedia of Georgia Law, 29 EGL Workers' Compensation, § 20, reads our statutory employer provision as requiring a four-tiered chain, beginning with an owner or initiator who contracts with the principal or general contractor. (For example, see *Lyons v. Employers Mut. Liab. Ins. Co.*, 127 Ga. App. 268, 277 (193 SE2d 244) (1972)). However, the author notes that the courts have construed the provision broadly in finding this beginning tier, citing *Evans v. Hawkins*, discussed infra. See also *Aetna Cas. &c. Co. v. Barber*, infra, footnotes 3 and 4. If an initiating contractor is required, the requirement is met in this case by Swift Mills.

I would find prior decisions of this court and of the Court of Appeals construing this provision to be instructive, persuasive and controlling.

In *Corbitt v. McClurd,* 107 Ga. App. 113 (129 SE2d 389) (1962), the facts were that the initiator (Rayonier, Inc.) contracted with McClurd (principal contractor) who had an independent contract with Collins (intermediate contractor) who had an employee (Corbitt) who was injured in an accident arising out of his employment. The principal contractor (McClurd) had a contract to furnish pulpwood to the initiator (Rayonier). The principal contracted with the intermediate (Collins) to cut pulpwood from a tract owned by the principal and to deliver it to Rayonier. (The record in that case shows that the injury occurred on McClurd's land.) It should be noted that the prime contract was that McClurd would sell and deliver pulpwood to Rayonier. The court approved the board's finding that the principal was liable to the employee for compensation as a statutory employer if the employee could not collect it from his immediate employer (Collins).

In *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324) (1966) (see fn. 2 above), the principal was Evans, d/b/a Evans Lumber Co., the intermediate was Walker, and the employee was Hawkins. The employee was killed when a log rolled off the truck he was unloading at Evans Lumber Company. The logs were being hauled from the Hitchiti Experimental Forest. The hearing director denied the claim against the principal on the ground that the employee was employed only by the intermediary who was an independent contractor of the principal. The board reversed and allowed the claim against the principal under Code Ann. § 114-112. Applying the decision in *Corbitt v. McClurd,* supra, the court affirmed the award, saying ". . . [T]his provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, *such as the furnishing of goods* and services, for another, and *then sublet in* whole or *part such work.*" (Emphasis supplied.) The court observed that the principal (Evans) had a contract with the United States Government to cut timber from and to preserve the

Hitchiti Experimental Forest.[3] The court noted that the principal in *Corbitt v. McClurd,* supra, was the seller vis-a-vis Rayonier whereas the principal in *Evans v. Hawkins* was a buyer. The court found, however (114 Ga. App. 123): "Both, having executed the principal contract, then in turn sublet the work to be performed thereunder to a third party; and both in our opinion were properly held to be principal contractors within the purview of Code § 114-112." Again, the principal was found liable to pay compensation if it was not paid by the immediate employer.

In *American Mut. Liab. Ins. Co. v. Fuller,* 123 Ga. App. 585 (181 SE2d 876) (1971), the principal (Hames Supply Co.) contracted with various poultry processors to transport poultry by truck. The principal sublet the work to various independent contractors, including Donald Marshall, the injured employee's immediate employer. The principal contracted with one processor, Ralston Purina, to make a delivery from Gainesville to New Jersey, and the employee was injured in South Carolina when he fell from the truck. The intermediate contractor (Donald Marshall) did not have enough employees to be covered by the Act. The court held that (123 Ga. App. at 587): "It is not necessary for recovery under Code Ann. § 114-112 that the principal contractor have control, or right of control, of the time, manner and method of performance of either the immediate employer or the claimant. *Evans v. Hawkins,* [supra]."[4] Following a

---

[3] See also *Aetna Cas. &c. Co. v. Barber,* 128 Ga. App. 894 (198 SE2d 352) (1973), where the court found that where a city subcontracts a sewer project, the subdivision developer which requests the work and pays half the costs acts as the initiator so as to make the city the principal.

[4] Accord, *Aetna Cas. &c. Co. v. Barber,* supra, where the court stated that in a statutory employer situation, it is irrelevant that the intermediate contractor is an independent contractor.

Some confusion as to the meaning of the statutory employer provision, Code Ann. § 114-112, may have arisen due to the fact that some of the annotations

Tennessee decision, the court went on to hold that inasmuch as the principal was engaged in hauling, the injury occurred "on, in or about the premises on which the principal contractor has undertaken to execute work . . ." within the meaning of Code Ann. § 114-112. Thus, the word "premises" in Code Ann. § 114-112 was given a broad interpretation consistent with the remedial nature of the Act.

In *Haygood v. Home Transportation Co.*, 244 Ga. 165 (1979), this court had before it the following facts. The principal (Home Transportation) contracted with the intermediate (McElhenney) to furnish the principal with a rig and driver. The intermediate, who had less than three employees, employed Haygood. The employee was killed in Arizona while driving the intermediate's rig. The Court of Appeals found that the principal was the statutory employer of the deceased. On certiorari, this court said (244 Ga. at 166): "We agree with the Court of Appeals' determination that Haygood was a statutory employee of Home Transportation Company under Code Ann. § 114-112. See *American Mut. Liab. Ins. Co. v. Fuller*, [supra]." In *Haygood*, we approved the holding in *Fuller* that roads and highways can be "premises" within the meaning of Code Ann. § 114-112. We went on to hold that inasmuch as Haygood's widow had received workers' compensation from the statutory employer, she could not later recover from that same statutory employer in tort.

In my opinion, the cases cited above show that Chokee Creek was the statutory employer of the deceased employee. This case is virtually on "all fours" with *Corbitt v. McClurd*, supra, except as to the later expanded scope of the word "premises". In *Corbitt v. McClurd*, supra, the principal contractor contracted to deliver pulpwood owned by the principal contractor to Rayonier. Here the

---

thereunder are to cases in which the injured claimant was himself found to be an independent contractor ineligible for compensation, as opposed to an employee. See for example *Simpkins v. Unigard Mut. Ins. Co.*, 130 Ga. App. 535 (1) (203 SE2d 742) (1974).

principal contractor contracted to deliver corn owned by the principal contractor to Swift Mills. There the principal contractor hired an intermediate contractor not subject to the Act who had an employee who was injured on the principal contractor's premises while engaged in the subject matter of the contract. Here the principal contractor also hired an intermediate contractor not subject to the Act who had an employee who was killed "on the premises" while engaged in the subject matter of the contract. There workers' compensation was allowed. Here it has been denied. This ruling is contrary to the clear statement in *Evans v. Hawkins,* supra, that our statutory employer provision applies " . . . to those who contract to perform certain work such as the furnishing of goods . . . and then sublet . . . part [of] such work." I therefore dissent to the dismissal of this case.

I am authorized to state that Chief Justice Nichols and Judge Joel J. Fryer join in this dissent.