36948. WRIGHT ASSOCIATES, INC. v. RIEDER et al.

HILL, Presiding Justice.

The Georgia Education Authority contracted with Wright Associates, Inc., for the construction of an academic building at Macon Junior College. Wright Associates, as the general or prime contractor, then contracted with Eastern Steel Erectors, Inc., an independent subcontractor, for certain on-site work. Thomas Rieder, an Eastern employee, was injured in an on-site accident and recovered workers' compensation benefits from Eastern. He then sued Wright Associates in April, 1978, alleging that his injury was caused by the negligence of a Wright employee. Nearly two years after answering, Wright moved for summary judgment on the ground, raised for the first time in its motion, that Rieder's tort action was barred by Code Ann. §§ 114-103, 114-112. The trial court denied the motion for summary judgment but certified the question for

---

immediate review. After the Court of Appeals denied the application for interlocutory review, Wright Associates petitioned for writ of certiorari, which was granted.

1. The first issue in this case is whether an employee of a subcontractor engaged upon the subject matter of the contract who is injured on, in or about the premises on which the principal contractor has undertaken to execute the work, can maintain an action in tort against the principal contractor where the subcontractor is an independent contractor and where workers' compensation benefits were paid by the subcontractor.

Code Ann. § 114-112 is applicable ". . . only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management." It provides that "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer. Any principal, intermediate, or subcontractor who shall pay compensation under the foregoing provisions may recover the amount paid, from any person who, independently of this section, would have been liable to pay compensation to the injured employee, or from any intermediate contractor. Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the employee's right to recover compensation under this Title from the principal or intermediate contractor . . . Provided, however, that the collection of full compensation from one employer shall bar recovery by the employee against any others, nor shall he collect from all a total compensation in excess of the amount for which any of the said contractors is liable." By this Code section the principal or intermediate contractor is made the "statutory employer" of the subcontractor's employee.[1]

Under the facts of this case this issue thus becomes whether an employee of an independent subcontractor (as opposed to a subcontractor who is a servant of the principal contractor) can recover in tort against the principal contractor.

In *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133) (1947), this court

---

[1] Code Ann. § 114-103 provides, in effect, that the rights granted an employee to recover workers' compensation benefits from his employer exclude all common law rights of the employee to recover against his employer and certain others.

cited Code Ann. § 114-112, supra, but held without discussion of it that the employee of an independent contractor who recovered workers' compensation benefits from his immediate employer could maintain an action in tort against the principal contractor. Subsequently the Court of Appeals reluctantly followed *Blair. BLI Const. Co. v. Knowles,* 123 Ga. App. 588 (181 SE2d 879) (1971). On the same day, in an opinion by the same judge, the same panel of the Court of Appeals held that under Code Ann. § 114-112, the employee of an independent subcontractor could recover workers' compensation benefits from the principal contractor. *American Mut. Liability Ins. Co. v. Fuller,* 123 Ga. App. 585 (181 SE2d 876) (1971).[2] Thus, although a principal contractor was liable for workers' compensation benefits as a statutory employer under Code Ann. § 114-112 to the employee of a subcontractor who was an independent contractor, the principal contractor nonetheless did not have immunity from suit by such employee in tort under Code Ann. §§ 114-103, 114-112.

The result was this: An injured employee of a subcontractor not an independent contractor who could recover workers' compensation from his immediate employer or his statutory employer could not recover in tort from either. On the other hand, an injured employee of an independent subcontractor who could recover workers' compensation from his immediate employer or his statutory employer could recover in tort from his statutory employer although not from his immediate employer.

In 1979, this court decided *Haygood v. Home Transp. Co.,* 244 Ga. 165 (259 SE2d 429) (1979), in which we held that a principal contractor is the statutory employer of the employee of a subcontractor who is an independent contractor, citing *American Mut. Liability Ins. Co. v. Fuller,* supra, 123 Ga. App. 585. Since Home Transportation Company was the statutory employer of Mrs. Haygood's deceased husband, Home was liable for workers' compensation benefits to Mrs. Haygood. In that case, Home did in fact pay benefits to Mrs. Haygood. This court held that as a statutory employer who had paid compensation benefits, Home was immune from suit in tort under Code Ann. § 114-103. In a concurring opinion, Justice Jordan (now Chief Justice) contended that *Haygood* overruled *Blair v. Smith.*

---

[2] *American Mut. Liability Ins. Co. v. Fuller,* supra, was followed in *Aetna Cas. &c. Co. v. Barber,* 128 Ga. App. 894 (198 SE2d 352) (1973). At least two earlier cases also reached this result. *Corbitt v. McClurd,* 107 Ga. App. 113 (129 SE2d 389) (1962); *Evans v. Hawkins,* 114 Ga. App. 120 (150 SE2d 324) (1966).

In the case before us, we have the same facts as in *Haygood,* supra, except that here the employee recovered workers' compensation benefits not from the statutory employer, Wright Associates, but from his immediate employer, Eastern Steel Erectors. Wright Associates argues that as a statutory employer liable to pay workers' compensation benefits under Code Ann. § 114-112, it should receive the correlative benefit of tort immunity under Code Ann. §§ 114-103, 114-112. We agree and so hold.[3] As one commentator has pointed out in his discussion of statutory employers, "Since the general contractor is thereby, in effect, made the employer for the purposes of the compensation statute, it is obvious that he should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation; and the great majority of cases have so held." 2A Larson's, Workmen's Compensation Law, § 72.31 at p. 14-47.[4]

Rieder contends that even if a statutory employer is normally insulated from tort liability despite the fact that he has not paid workers' compensation benefits, he should not be where, as here, he has a contract with the subcontractor which provides that the subcontractor shall carry workers' compensation insurance and in the event that the statutory employer is held liable for workers' compensation benefits, he will be indemnified by the subcontractor. Because Code Ann. § 114-112 gives a right of indemnification absent a contract, this amounts to an argument that because of the statutory right of indemnification as to compensation benefits, a statutory employer should not be immune from tort liability. We cannot agree. The purpose of Code Ann. § 114-112 is to ensure that employees in construction and other industries are covered by workers' compensation. In order to do so, it places an increased burden, in the form of potential liability for workers' compensation benefits, on the statutory employer. This encourages the statutory employer to require subcontrators to carry workers' compensation insurance. The fact that the statutory employer reacts to the statute in the manner

---

[3] *Blair v. Smith,* supra, 201 Ga. 747; *BLI Const. Co. v. Knowles,* supra, 123 Ga. App. 588, and *American Cas. Co. v. Smith,* 116 Ga. App. 332 (157 SE2d 312) (1967), are overruled insofar as they conflict with our holding in this case.

[4] We are not unaware that the same commentator has pointed out that statutory employer statutes are customarily worded in terms of "subcontractors," as is Georgia's, and that for the most part that term is held not to encompass independent contractors. Id., § 72.31 at p. 14-57, 58. We do not, however, so construe our statute. Many, if not most, subcontractors are independent contractors as the cases attest. See, e.g., *Blair v. Smith,* supra, 201 Ga. 747; accord Johnson v. Briggs, 312 NYS2d 637, 638 (Sup. Ct. 1970).

intended by the legislature should not result in a penalty on the statutory employer. Conversely, if the statutory employer does not require subcontractors to provide compensation benefits (as intended by the statute), the statutory employer may acquire tort immunity. See *Haygood v. Home Transp. Co.,* supra. The quid pro quo for the statutory employer's potential liability is immunity from tort liability. The fact that the statutory employer has a right to indemnification, statutory or contractual, does not strip him of his tort immunity. See 2A Larson's, Workmen's Compensation Law, § 72.31, p. 14-55, 56, § 72.32, p. 14-66 n. 72.

2. Appellee Rieder argues in the alternative that even if his suit is barred by Code Ann. §§ 114-103, 114-112, Wright Associates waived this defense by failing to plead it until nearly two years after it filed its answer. Rieder relies on Freeman v. Chevron Oil Co., 517 F2d 201 (5th Cir. 1975), in which the Fifth Circuit Court of Appeals held that the defense of statutory employer was an affirmative defense and was waived under F. R. Civ. Proc. 8 (c) when not pled in the answer. Rieder recognizes, however that Fed. R. Civ. Proc. 8 (c) differs significantly from Code Ann. § 81A-108 (c). Code Ann. § 81A-108 (c) provides in pertinent part: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver." Fed. R. Civ. Proc. 8 (c), in contrast, also includes the phrase "and any other matter constituting an avoidance or affirmative defense." It was this phrase that the Fifth Circuit viewed as including the statutory employer defense. Freeman v. Chevron Oil Co., supra, 517 F2d at 204. Although this phrase, as well as assumption of the risk and comparative negligence, were included in the original Civil Practice Act, Ga. Laws 1966, p. 609, 619-20, they were removed by the 1967 amendment. Ga. Laws 1967, p. 226, 230.[5] Thus the Freeman case is inapposite, and we hold that Code Ann. § 81A-108 (c) does not require that the statutory employer's defense of Code Ann. §§ 114-103, 114-112, be affirmatively raised in the defendant's answer.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*

DECIDED APRIL 21, 1981.

---

[5] Section 8 (c) of the C. P. A., as enacted in 1966, tracked Fed. R. Civ. Proc. 8 (c) word for word, except that the Georgia rule referred to comparative negligence, while the federal rule referred to contributory negligence.

*Page, Scrantom, Harris, McGlamry & Chapman, W. G. Scrantom, Jr., Max R. McGlamry,* for appellant.

*Grogan, Jones, Layfield & Agnew, Michael Agnew, Kelly, Denney, Pease & Allison,* for appellees.

UNDERCOFLER, Justice, dissenting.

1. Not all contractors are general (principal) contractors and not all general contractors become statutory employers. Under a workers' compensation "statutory employer" provision, such as Georgia's Code Ann. § 114-112, a general contractor may become liable to pay workers' compensation to independent subcontractors' employees injured "in or about the premises." However, it appears it is virtually impossible to define with precision when a general contractor becomes a "statutory employer." Therefore, it is determined on a case by case basis by the nature of the independent subcontract as it relates to the general contractor's ordinary undertaking. 1C Larson's, Workmen's Compensation Law, § 49.12 Thus, if the majority opinion here is holding that general contractors become "statutory employers" for employees injured "in or about the premises" of all his independent subcontractors, I disagree. See *Holt v. Travelers Ins. Co.,* 244 Ga. 857 (262 SE2d 139) (1979).

2. The majority here finds that since the general contractor is a statutory employer and has a potential liability for workers' compensation to the independent subcontractor's employee, the general contractor is immune from tort liability to that employee. The majority reasons: "The quid pro quo for the statutory employer's potential liability is immunity from tort liability." In my view, it is not *potential* liability for workers' compensation which insulates a statutory employer from tort liability but *actual* liability. *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133) (1947); *Haygood v. Home Transp. Co.,* 244 Ga. 165 (259 SE2d 429) (1979). Unless the general contractor is required to pay workers' compensation as a statutory employer there is no quid pro quo and he remains liable in tort for his wrong. Here the general contractor had no actual liability. The subcontractor paid the workers' compensation. Thus the majority opinion has gratuitously relieved the general contractor of liability for his tort.

I would not overrule *Blair v. Smith,* supra. Its judgment is correct that a general contractor who has not been held liable for workers' compensation may be sued in tort. *Blair* has stood for thirty-three years unchanged by the legislature and stare decisis compels that we adhere to it.

*Haygood v. Home Transp. Co.,* supra, is not support for the majority opinion. In that case the general contractor scheduled Haygood as his employee with his compensation carrier which paid the benefits due.