62902. KITCHENS v. WINTER COMPANY BUILDERS, INC.

McMURRAY, Presiding Judge.

This case involves a construction worker who fell off a ladder at a job site and suffered personal injuries from the fall. Frank B. Kitchens, an employee of a subcontractor at the time of the incident, brought this action against the general or prime contractor, The Winter Company Builders, Inc., alleging that his injuries were directly and proximately caused by the negligence of the defendant in that the ladder upon which he was climbing was improperly constructed as to the step spacing, did not have a side rail, was placed in a muddy area and the platform at the top of the ladder did not have a hand rail and same was extremely muddy and slippery. He alleges that in attempting to step from the ladder to the floor, "because of the slippery condition of the ladder and the floor, his feet slipped from underneath him," thereby causing the fall to the ground below. He also contends the defendant was guilty of negligence per se in the violation of general industry health and safety standards (29 CFR 1910.25).

Defendant answered, inter alia, adding numerous and extensive defenses to the action, admitting only jurisdiction and otherwise denying the claim.

Following extensive discovery the defendant moved for summary judgment, and after a hearing the trial court granted same, noting "that plaintiff could have avoided the consequences to himself caused by the alleged negligence of the defendant in that he knew of and fully appreciated the danger presented by the alleged negligence and assumed the risk." Plaintiff appeals. *Held:*

1. As a general proposition, issues of negligence, assumption of risk, contributory negligence and lack of ordinary care for one's own safety in avoiding the consequences of another's negligence and comparative negligence are not susceptible of summary adjudication either for or against the claimant but must be resolved by a jury as a trier of fact. See *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260

(174 SE2d 178). Further, the trial court can only determine as a matter of law that facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable. See *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753); *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336). Thus, even if there be no dispute as to the facts, if that be the case here, it is usually a question for the jury to determine whether the conduct in question of the plaintiff under the circumstances met "the standard of the reasonable man." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260, supra. See also *McCurry v. Bailey,* 224 Ga. 318, 320 (162 SE2d 9), *Wynne v. Southern Bell Tel. &c. Co.,* 159 Ga. 623, 629 (126 SE 388); *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237, supra. We note here the language of the Supreme Court in *Ellington v. Tolar Const. Co.,* supra, at page 238: "Both the common law and statutes regard conduct involving an unreasonable risk of harm as anti-social conduct. This is the essence of negligence law. Negligence consists of exposing another to whom one owes a duty, or exposing oneself, to a foreseeable unreasonable probability of harm. Reasonable foresight does not require of a plaintiff or a defendant that he anticipate exactly what will happen and exercise perfect judgment to prevent injury." The Supreme Court then held that the issues of the defendant's failure to exercise ordinary care and the plaintiff's duty to exercise ordinary care for his own safety are not capable of summary adjudication under the facts as shown, citing *Peacock Const. Co. v. Chambers,* 223 Ga. 515, 518 (156 SE2d 348), affg. s. c. 115 Ga. App. 670, 675 (155 SE2d 704); *Butler v. Lewman & Co.,* 115 Ga. 752 (42 SE 98), and *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 263, supra.

The defendant's contention here is that the plaintiff and the other workers on the job who had repeatedly complained to the supervisors about the ladder, which for the purpose of summary judgment is assumed to be faulty and the cause of injury, had only to walk off the job and refuse to work, but in continuing to work they assumed the risk. The doctrine of assumption of risk applies in tort cases when a person without coercion of circumstances, pursues a course of conduct with full knowledge of its danger thereby exercising a free choice as to whether to engage in the act or not. See in this connection *Whitehead v. Seymour,* 120 Ga. App. 25, 28 (169 SE2d 369); *Myers v. Boleman,* 151 Ga. App. 506, 509 (3) (260 SE2d 359). Thus, the workers and employees had knowledge of the danger but despite their grumbling continued to perform their duties required on this construction job. Yet they had not waived the requirement that the defendant was under a duty to protect them; and they did not tacitly and impliedly agree to take their own chances. See *Roberts v.*

*King,* 102 Ga. App. 518, 521 (116 SE2d 885); *Owens-Illinois, Inc. v. Bryson,* 138 Ga. App. 78, 79 (225 SE2d 475).

However, this case is here on summary judgment, and the court in construing the evidence must give the party opposing the motion the benefit of all favorable inferences that may be reasonably drawn from the evidence. See *J. C. Penny Cas. Ins. Co. v. Williams,* 149 Ga. App. 258, 261-262 (253 SE2d 878). It goes without saying that all construction work is dangerous and if we applied the doctrine of assumption of the risk, which the defendant desires the court to do here, there would be no construction work, as all employees would immediately be required to walk off the job or assume the risk of injury by waiving any negligence as to anyone involved. However, under the circumstances here, it is for the jury to determine whether under the facts and circumstances and inferences drawn from the evidence that a situation is so dangerous that the person injured in continuing to work with full appreciation of the danger involved and without restriction of his freedom of choice by circumstances or coercion deliberately pursued an obviously perilous course of conduct. Any construction worker as a servant and employee has a certain amount of his freedom of choice restricted by the circumstances under which he works and the coercion of seeking to remain employed. We believe the correct rule has been set by the Supreme Court with reference to such cases on summary judgment as set forth in *Ellington v. Tolar Const. Co.,* 237 Ga. 235, supra, and followed in such cases as *Jones v. Crown Const. Co.,* 152 Ga. App. 578, 580 (263 SE2d 460); and *Burnham v. Mize,* 141 Ga. App. 203 (233 SE2d 49). In the case sub judice there was no deliberate choice of an obviously perilous course of conduct without restriction of choice by the circumstances or coercion. There was no safer alternative, even though there was some knowledge of the existence of a potential hazard in using the ladder in question. Here there was an emergency whereby a safer access to the roof and the need for haste to repair collapsing forms required immediate action without allowance for a process of weighing risks and benefits on the part of the plaintiff. Under no circumstances can it be held that he deliberately acquiesced in a known danger for his course of conduct was restricted by the circumstances and the coercion of his employment. The facts here do not measure up to a classic case of assumption of the risk such as trying to beat a rapidly approaching train across the crossing or participating in a drag race. See in this connection *Yandle v. Alexander,* 116 Ga. App. 165, 167 (156 SE2d 504).

2. However, if the judgment of the trial court is right for any reason it must be affirmed, although the wrong reason has been given for the judgment. See in this connection *Lee v. Porter,* 63 Ga. 345, 346;

*Coker v. City of Atlanta,* 186 Ga. 473 (1) (198 SE 74); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405); *Davis v. Jeep Corp.,* 138 Ga. App. 805, 806 (2) (227 SE2d 455). In the case sub judice it has been called to our attention that the defendant was the general or prime contractor on a construction project of which the plaintiff's employer, The Ceco Corporation, was the subcontractor. As an employee plaintiff was acting as servant and employee on the business of his employer at the time he was injured. Plaintiff also in answer to interrogatories admitted that he had received workers' compensation for "injuries incurred in the subject incident including a fracture to the right wrist, a back injury, and the loss of several teeth," including the name of the insurer and that he was totally disabled as the result of the incident in question. Counsel for defendant has also called to our attention the Supreme Court decision in *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41), being controlling here where an employee of a subcontractor recovers workers' compensation benefits from his immediate employer, hence the general contractor as a statutory employer liable to pay workers' compensation benefits under Code Ann. § 114-112 (Ga. L. 1969, p. 671) it should receive the correlated benefit of tort immunity under Code Ann. § 114-103 (Ga. L. 1974, pp. 1143, 1144; 1980, pp. 1145, 1146) and Code Ann. § 114-112, supra.

While there was a dissent in *Wright Assoc. v. Rieder,* 247 Ga. 496, supra, it was a 6 to 1 decision by our Supreme Court in which instance it overruled, insofar as conflicting with *Wright Assoc. v. Rieder,* supra, the earlier Supreme Court decision in *Blair v. Smith,* 201 Ga. 747 (41 SE2d 133) (1947 — establishing a different view); *BLI Const. Co. v. Knowles,* 123 Ga. App. 588 (181 SE2d 879) (1971 — establishing that an employee of an independent subcontractor could recover workers' compensation benefits from the principal contractor and maintain an action in tort against the principal contractor), and also *American Cas. Co. v. Smith,* 116 Ga. App. 332 (157 SE2d 312) (1967 — reaching the same decision as *Blair* and *Knowles*). Accordingly, based upon *Wright Assoc. v. Rieder,* supra, even though the trial court rendered its decision based upon a wrong reason, we must affirm.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 17, 1982.

*Charles E. McCranie, Thomas W. Thrash,* for appellant.
*Lowell S. Fine, Kathy L. Portnoy,* for appellee.