A98A0005. BEERS CONSTRUCTION COMPANY et al. v. DOYLE et al.

(496 SE2d 921)

POPE, Presiding Judge.

This Court granted the discretionary appeal in this workers' compensation case to determine whether a general contractor may be

the statutory employer of a subcontractor's employee who is injured at the subcontractor's shop and not the actual project site.

In October 1990 Beers Construction Company entered a subcontract agreement with Archie Nix for millwork to be done on a construction project at the Henrietta Egleston Hospital for Children. Beers required its subcontractors on the project to carry workers' compensation insurance for their employees. After the millwork was completed, problems developed that Nix had to correct, including replacement of certain materials and re-laminating cabinets. On December 19, 1994, one of Nix's employees severed three fingers while cutting laminate and cabinet pieces for the corrective work on the Egleston project. The injury occurred at Nix's shop and not at the Egleston project site.

Nix did not have workers' compensation coverage at the time of the injury, and the employee filed this claim against Beers on the grounds that Beers was his statutory employer. The ALJ, Appellate Division, and superior court all rejected Beers's defense that it could not be the statutory employer because the injury did not occur on the project site over which it had control. The Appellate Division specifically found that as the subcontract contemplated that some of the cabinet work would be performed at the subcontractor's shop, then the shop constituted part of the premises on which Beers had undertaken to execute its work under its contract with Egleston.

OCGA § 34-9-8 (a) provides that "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." But OCGA § 34-9-8 (d) limits the application of this Code section only to "cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." *Manning v. Ga. Power Co.*, 252 Ga. 404 (314 SE2d 432) (1984).

In finding that the premises on which Beers had undertaken to execute work included the subcontractor's shop, the State Board relied upon *American Mut. &c. Ins. Co. v. Fuller*, 123 Ga. App. 585 (181 SE2d 876) (1971). However, that case involved a trucking company that subcontracted with another company for the actual interstate transport of the load, and the subcontractor's employee who drove the rig was injured in South Carolina. Considering those circumstances, this Court found the principal trucking company to be the statutory employer of the subcontractor's employee because the highways were the "premises" upon which the principal trucker had undertaken to execute work. That conclusion may have been warranted where the parties were truckers and the contracted work was the interstate transportation of goods, but *Fuller* does not support a

proposition that where partial performance of a subcontract may occur on the subcontractor's premises instead of the project site, then the subcontractor's premises are those on which the principal contractor undertook to execute work within the meaning of OCGA § 34-9-8 (d).

In this case, it was uncontroverted that Beers had no actual control or management over Nix's workshop. The traditional quid pro quo for extending workers' compensation liability to a principal contractor as a statutory employer is the immunity from tort liability. *Wright Assocs. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981). However, Beers certainly would have no risk of tort liability for the injury that occurred in the subcontractor's workshop, and finding Beers to be the statutory employer of the subcontractor's injured employee subjects Beers to workers' compensation liability without any correlative benefit. Imposing workers' compensation liability on a principal contractor for an injury that occurred at a location over which it had no control, and thus could not affect the risks, would render the contractor an insurer, which surely was not the intent of the Workers' Compensation Act.

In summary, as the injury occurred at the subcontractor's workshop, and not on, in, or about premises on which Beers as principal contractor undertook to execute work or which otherwise were under its control or management, the superior court erred in affirming the State Board's finding Beers to be the statutory employer of the subcontractor's injured employee.

*Judgment reversed. Beasley, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED FEBRUARY 13, 1998.

*Goodman, McGuffey, Austin & Lindsey, C. Wade McGuffey, Jr.*, for appellants.
W. A. Nix, *pro se.*
*Harry W. Krumenauer*, for appellees.
*Smith, Currie & Hancock, Philip E. Beck*, amicus curiae.