## 63584. GRAMLING v. SUNSHINE BISCUITS, INC.

SOGNIER, Judge.

Gramling, a truck driver employed by Bennett Motor Express, Inc. (Bennett), sued Sunshine Biscuits, Inc. (Sunshine) for negligence. Bennett furnished Sunshine a trailer to load at Sunshine's manufacturing plant. While loading the trailer, Sunshine concealed a hole in the floor of the trailer by placing a piece of cardboard over the hole. Gramling delivered goods to Sunshine's customer and, while unloading the trailer, stepped on the cardboard and suffered an injury to his leg when the cardboard gave way causing him to fall in the hole. Bennett paid Gramling workers' compensation benefits and Gramling sued Sunshine as a third party tortfeasor.

Sunshine moved for summary judgment on the grounds that Sunshine as a prime contractor was a statutory employer under the Worker's Compensation Act and *Wright Associates v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981). The trial court agreed and granted Sunshine's motion for summary judgment.

Appellant contends that the trial court erred in finding that Sunshine is a statutory employer. In *Wright Associates,* supra, our Supreme Court addressed the issue whether an employee of an independent subcontractor can recover in tort against the principal contractor. Id. at p. 497. In deciding that Wright Associates was a statutory employer entitled to tort immunity, the court interpreted Code Ann. §§ 114-103 and 114-112. Code Ann. § 114-103 provides, in essence, that the Workers' Compensation Act is an injured employee's exclusive remedy against an employer and "any person who, pursuant to a contract or agreement with an employer . . . provides workers' compensation benefits to an injured employee . . ." Code Ann. § 114-112 provides the principal contractor, intermediate contractor or subcontractor is liable for compensation to the employee to the same extent as the immediate employer. However, "[t]his section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management." In *Wright Associates,* these code sections were interpreted to mean that the principal or any intermediate contractor was the "statutory employer" of the subcontractor's employee. Id., at p. 497. The statutory employer enjoys immunity from suit by a statutory employee against it as a third party tortfeasor.

Appellant argues that the tort immunity in *Wright Associates* should not be extended to include a shipper (Sunshine) where the injured party (Gramling) is the employee of a carrier (Bennett) under

contract with the shipper. The contract in the instant case between Sunshine and Bennett required the carrier to safely transport the goods to Sunshine's customer. In addition the contract specifically provides: "Carrier shall employ all persons operating motor vehicles in performing the above transportation, and it is mutually understood and agreed and the express intention of both Shipper and Carrier that such persons shall be and remain the employees of Carrier, and that Carrier shall be an independent contractor, and nothing herein contained shall be construed to be inconsistent with that status or relationship. No employee of the Shipper shall be concurrently employed in any capacity whatsoever by the Carrier." While this provision is not necessarily controlling of the issue here, it is indicative of the parties' relationship and we interpret it as a disclaimer on the part of the shipper of any responsibility for workers' compensation payments to Bennett's employees.

We do not view the relationship between shipper and carrier as one that affords the shipper the status of statutory employer for purposes of tort immunity. Even if this relationship is analogous to that of contractor and subcontractor, the restriction of Code Ann. § 114-112 applies; that is, the injury to the employee must have occurred "in or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management." We will not extend the word "premises" to include the premises of the shipper's customer to which the goods were delivered. We do not think the legislature intended to include the shipper/carrier relationship under Code Ann. §§ 114-103 and 114-112. We will not enlarge *Wright Associates,* supra, to include such situations.

Summary judgment in favor of Sunshine is reversed.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1982 —
REHEARING DENIED JULY 8, 1982 —

*Donald M. Samson, Samuel W. Worthington III,* for appellant.
*S. E. Kelly, H. Baxter Harcourt,* for appellee.