### 73359. GUNN v. SIMS CRANE SERVICE, INC.
(354 SE2d 653)

BEASLEY, Judge.

Columbia Nitrogen Corporation contracted with Sims Crane Service to relocate a propane tank from one part of Columbia's facility to another. As stated in its bid, Sims Crane orally agreed with Gary Concrete Company to supply the vehicle and driver for the moving of

the tank. Both Sims and Gary were involved in the actual loading and moving operation. During the move on Columbia's premises, the tank rolled over the truck and the driver, Gary's employee, was killed. Gary's employees were covered by workers' compensation and the company paid the appropriate benefits. Decedent's wife filed a wrongful death suit against Sims Crane, Columbia, and Nipro, Inc. alleging that defendants jointly and severally failed to exercise ordinary care for the safety of her husband the driver by using improper equipment to transport the tank.

Sims Crane moved for summary judgment on the ground that it was a statutory employer under the Workers' Compensation Act, OCGA § 34-9-8, and therefore entitled to the tort immunity provided under the Act, OCGA § 34-9-11. Plaintiff appeals from the grant of that motion.

Appellant claims that the relationship between Sims Crane and Gary was not that of principal contractor and subcontractor but rather that of shipper and carrier within the rule of *Gramling v. Sunshine Biscuits*, 162 Ga. App. 863 (292 SE2d 539) (1982). In *Gramling*, this Court refused to "view the relationship between shipper and carrier as one that affords the shipper the status of statutory employer for purposes of tort immunity." Id. at 864. *Gramling* is not applicable because the facts preclude a finding that in the undertaking at issue, Sims Crane was a "shipper" and Gary was a "carrier."

The argument is that inasmuch as it was up to Sims Crane to place the propane tank on the truck and up to Gary to move it, the relationship between the two companies made Gary a "carrier" under OCGA § 46-1-1 (1). However, Title 46 of the code addresses itself to public utilities and public transportation. Transportation on the public highways was not involved here; the mishap occurred on Columbia's premises. Gary was not in the transport business nor was Sims Crane in the shipping business, and neither comes within the definitions in OCGA § 46-1-1 (1). Just because the movement of goods was the ultimate purpose of the contract did not change the relationship from that of contractor/subcontractor and remove it from the coverage of OCGA § 34-9-8. See *American Mut. Liability Ins. Co. v. Fuller*, 123 Ga. App. 585 (181 SE2d 876) (1971). Further, it is irrelevant to the fact of the contractual relationship that the arrangement between Sims Crane and Gary was oral or that the agreed compensation was never paid.

The facts of this case bring it instead within the governance of *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981). Sims Crane as the principal contractor is made the statutory employer of the subcontractor Gary's employee pursuant to OCGA § 34-9-8. See also *Modlin v. Swift Textiles*, 180 Ga. App. 726 (350 SE2d 273) (1986).

Thus the trial court was correct in granting summary judgment to defendant Sims Crane on the basis of entitlement to tort immunity as a statutory employer.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1987.

*James W. Ellison,* for appellant.
*William C. Reed, Tandy M. Menk, Raymond G. Chadwick, Jr.,* for appellee.