73702. CARVER et al. v. JASPER CONSTRUCTION COMPANY.

(359 SE2d 183)

BENHAM, Judge.

Appellee is a contractor that was engaged in the widening of I-75 north of downtown Atlanta. Appellant's employer was a subcontractor of appellee's on that project. Appellant was injured while an employee of appellee was unloading a truck appellant had driven to appellee's work site. Appellant received workers' compensation benefits from his employer and sued appellee in tort. Asserting that it was entitled to tort immunity by virtue of its status as a statutory employer, appellee moved for summary judgment. This appeal is from the grant of that motion.

1. "The statutory employer doctrine is based on OCGA § 34-9-8 . . . , which states in pertinent part: '(a) A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer . . . (d) This Code section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management.' " *Manning v. Ga. Power Co.*, 252 Ga. 404, 405 (314 SE2d 432) (1984). As a statutory employer liable to pay workers' compensation, the principal contractor receives the correlative benefit of tort immunity. *Wright Assoc. v. Rieder*, 247 Ga. 496 (1) (277 SE2d 41) (1981).

To bring itself within the definition of statutory employer, appellee submitted affidavits establishing that it was the principal contractor, that appellant's employer was a subcontractor, and that it was during the performance of the contract that appellant was injured. Although appellant has argued that the work was not within the letter of the contract between appellee and appellant's employer, it has produced no evidence to show that appellant and his employer were not "engaged upon the subject matter of the contract" at the time of

appellant's injury. While a party opposing a motion for summary judgment is entitled to the benefit of all favorable inferences to be drawn from the evidence (*Myers v. Barnard*, 180 Ga. App. 192, 193 (348 SE2d 733) (1986)), there must be some inference which can fairly be drawn from the evidence and which is favorable to the respondent before that theory applies. We find none here. The evidence, and the inferences from it, point inexorably to the conclusion that appellee was appellant's statutory employer and is entitled to tort immunity.

2. In appellants' second enumeration of error, he argues that he occupied the same position with regard to appellee that the truck driver in *Gramling v. Sunshine Biscuits*, 162 Ga. App. 863 (292 SE2d 539) (1982), occupied with regard to the shipper whose goods he was delivering when he was injured. We find, however, that the situations are significantly different. There, the contractual relationship was merely that of shipper and carrier; here, appellant's employer is more than merely a carrier who delivered something for the shipper: it worked pursuant to a subcontract based on the prime contract between appellee and the Department of Transportation. Furthermore, the other reason statutory employer status was denied to the shipper in *Gramling* was that the injury did not take place on the shipper's premises; the injury here did take place on appellee's work site. *Gramling* has no application to this case and the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 16, 1987 —
REHEARING DENIED JULY 1, 1987 — 

*James E. Butler, Jr., John E. Sawhill III, C. Frederick Overby*, for appellants.

*Palmer H. Ansley, William R. Johnson, David A. Sapp*, for appellee.