### A94A0268. INTERNATIONAL LEADBURNING COMPANY v. FORRISTER.

(445 SE2d 546)

Judge Harold R. Banke.

Plaintiff Joan S. Forrister brought this wrongful death action against International Leadburning Company as a result of an accident in which her husband, Harry C. Forrister, was crushed by a 16,000 pound lead kettle which rolled from the bed of a tractor-trailer. Defendant moved for summary judgment on the ground that it was Forrister's statutory employer at the time of his death and, as such, is immune from suit in tort. The trial court denied defendant's motion for summary judgment, and we granted defendant's application for interlocutory appeal to consider the sole issue of whether defendant was Forrister's statutory employer at the time of his death.

The record reveals that Kemira, Inc. ("Kemira") entered into a contract with defendant for the refurbishing of a 16,000 pound lead kettle owned by Kemira. In its effort to transport the kettle back to Kemira in Savannah from its premises in Forest Park, defendant contracted with Heaton Erecting ("Heaton") to provide a crane to lift the kettle onto a tractor-trailer. Defendant also contracted with Glenn-Lee Trucking, Inc. to transport the kettle to Savannah. Mr. Forrister, a crane operator employed by Heaton, was sent to lift the kettle. After the kettle was lifted onto the trailer, the truck driver realized he did not have the chains and binders necessary to secure the kettle to the trailer in hand; however, before he could obtain the fasteners from a utility box, the kettle rolled off the trailer and crushed Mr. Forrister. After the accident, plaintiff began receiving monthly workers' compensation payments from Heaton. Plaintiff subsequently filed the instant action against Glenn-Lee Trucking and the truck driver. Defendant was added to the action on the ground that defendant was negligent in the loading and/or supervision of the loading of the kettle onto the trailer.

Relying on OCGA §§ 34-9-8 and 34-9-11, defendant argues that since plaintiff is already receiving workers' compensation benefits from Heaton, it is immune from liability in tort because defendant was the principal contractor and Mr. Forrister was an employee of its subcontractor and was injured while engaged upon the subject matter of its contract with Kemira. Plaintiff contends that defendant was not a contractor because the contract between Kemira and defendant was

a contract for the sale of goods and defendant was merely the owner of the premises on which the work was performed and Mr. Forrister was injured.

"A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." OCGA § 34-9-8 (a). " 'Since the secondary liability (for workers' compensation) imposed under this Code section is predicated upon the existence of the principal contractor-subcontractor relationship, this provision of the Compensation Act is not intended to cover all employers who let out work on contract but is limited to those who contract to perform certain work, such as the furnishing of goods and services, *for another*, and then sublet in whole or part such work. (Cit.)' " *Yoho v. Ringier of America*, 263 Ga. 338, 339 (434 SE2d 57) (1993). "[O]nly a 'contractor' can be a statutory employer and an 'owner' cannot be a 'contractor' if the contractual obligation of performance is owed to, rather than by, him. An 'owner' does not attain 'contractor' status under OCGA § 34-9-8 (a) by his active involvement in the enterprise, but only ' "in the isolated situation where (he) also serves as a *contractor for yet another entity* and hires another contractor to perform the work on the premises." (Cit.)' . . . [Cit.]" Id. at 341. See also OCGA § 34-9-8 (d).

Without dispute, the evidence demonstrates that defendant was contractually obligated to refurbish Kemira's kettle. In his deposition, Ian McGregor Jones, defendant's president, testified that at the completion of the relining of the kettle, defendant was responsible for making the arrangements to have the kettle transported back to Savannah. Freight costs for transporting the kettle to and from defendant's facilities were borne by Kemira; however, costs associated with removing the kettle from defendant's building and onto the tractor-trailer by crane were included in the overall price defendant charged Kemira for refurbishing the kettle.

The foregoing demonstrates that defendant subcontracted with Heaton to complete its contract with Kemira, pursuant to which Mr. Forrister was injured while engaged upon the subject matter of the contract on the principal contractor's premises. Therefore, defendant was both a principal contractor and Mr. Forrister's statutory employer in accordance with OCGA § 34-9-8, and defendant is entitled to the tort immunity provided statutory employers in OCGA § 34-9-11. See *Gunn v. Sims Crane Svc.*, 182 Ga. App. 24 (354 SE2d 653) (1987). It matters not whether Heaton was an independent contractor, as argued by plaintiff, as the Court in *Wright Assoc. v. Rieder*, 247 Ga. 496 (277 SE2d 41) (1981) held that an employee of an independent subcontractor may not recover in tort against the principal

contractor. Accordingly, the trial court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 3, 1994 —
RECONSIDERATION DENIED JUNE 16, 1994 — 

*Alston & Bird, Gerald L. Mize, Jr., R. Clay Milling II,* for appellant.

*Mundy & Gammage, John S. Husser, Dennis, Corry, Porter & Gray, Robert E. Corry, Jr.,* for appellee.