A95A0573. REDD et al. v. STANFIELD et al.
(458 SE2d 394)

RUFFIN, Judge.

The appellants, administrators of the estate of decedent Jimmie Redd ("Redd"), sued Dennis Stanfield, Building Methods, Inc. d/b/a Paul Davis Systems of Augusta ("Building Methods"), Byrd's Electric & Plumbing ("Byrd's"), Mickey Skinner and Tom Ledbetter, alleging that the negligence of the defendants caused the ditch Redd was digging to collapse. Building Methods, Byrd's and Ledbetter moved for summary judgment, and it is the grant of those motions which is appealed.

The background of the case follows. An insurance company accepted bids for repairs on a home, including the rerouting of a sewer line. Building Methods received the contract. It then contracted the rerouting of the sewer line to Byrd's. Byrd's subcontracted most of the work, including the entire rerouting project, to Skinner and Ledbetter. Skinner and Ledbetter hired the decedent to help reroute the sewer line. Building Methods, Byrd's and Ledbetter ("appellees") each filed summary judgment motions, contending that as principal, intermediate, and subcontractors, respectively, OCGA § 34-9-11 provided they were immune from suit and that the Workers' Compensation Act was the administrators' exclusive remedy.

1. Appellants contend the trial court erred in granting summary

judgment because none of the three appellees performed "substantial services" in connection with the construction project. But OCGA § 34-9-8 (a) provides that "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract. . . ." The quid pro quo for the potential liability of these "statutory employers" is immunity from suit. *Wright Assoc. v. Rieder*, 247 Ga. 496 (1) (277 SE2d 41) (1981). The Supreme Court has clearly stated that the secondary liability and ensuing immunity imposed by OCGA § 34-9-8 applies to "those who contract to perform certain work . . . for another, and then *sublet in whole or part* such work." (Citations and punctuation omitted; emphasis supplied.) *Yoho v. Ringier of America*, 263 Ga. 338, 339 (434 SE2d 57) (1993). Here, all three appellees owed a contractual obligation of performance and were therefore statutory employers potentially liable for workers' compensation benefits and immune from tort liability. Id. Accordingly, summary judgment was appropriate.

2. Appellants also urge us to reverse the grant of summary judgment for policy reasons because none of the appellees faced actual exposure to a compensation claim (the record does not indicate that a claim was ever filed) and any such claim is now time barred. In other words, they argue that having incurred no liability, it is unjust for appellees to receive the trade off of immunity. It is well established, however, that "statutory immunity from suit includes the statutory employer regardless [sic] whether that statutory employer . . . actually paid the workers' compensation benefits." *Modlin v. Swift Textiles*, 180 Ga. App. 726, 731 (2) (350 SE2d 273) (1986).

3. The appellants' last argument appears to be that appellees are not entitled to immunity because the decedent's work was inherently dangerous and the appellees were in violation of OSHA guidelines and licensing requirements. But the appellants cite no authority to support an argument that such facts create an exception to the Act's exclusive remedy provisions. See Court of Appeals Rule 15 (c). In addition, we have held that an employer's "failure to furnish its employees with a safe place to work must be redressed under the Act." *Bryant v. Wal-Mart*, 203 Ga. App. 770, 771 (1) (417 SE2d 688) (1992).

For the foregoing reasons, the trial court's order granting summary judgment is affirmed.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JUNE 12, 1995 — ■

*Stephen E. Curry, Elwyn G. Beddingfield*, for appellants.

*Samuel W. Cruse*, for appellees.