A97A1158. HOLTON v. GEORGIA POWER COMPANY.

(491 SE2d 207)

Judge Harold R. Banke.

James M. Holton sued Georgia Power Company for injuries allegedly sustained at Plant Hatch while he was performing maintenance work for his employer Catalytic Industrial Maintenance Company, Inc. ("CIMCO"). Holton appeals the grant of summary judgment to Georgia Power Company.

Georgia Power is majority owner (50.1 percent) of Plant Hatch with the balance owned by Oglethorpe Electric Membership Corporation (30 percent), Municipal Electric Authority of Georgia (17.7 percent) and the City of Dalton (2.2 percent). Under the terms of the contracts of sale and operating agreements, Georgia Power assumed "sole responsibility" for the "planning, licensing, design, construction, operation, maintenance and disposal" of Plant Hatch. By contractual agreement with its fellow owners, Georgia Power had sole authority "to manage, control, maintain, and operate Plant Hatch." Thus, Georgia Power was both majority owner of Plant Hatch and the principal contractor which was obligated by agreement to the other owners for the plant's maintenance.

Georgia Power contracted with CIMCO to perform certain powerhouse maintenance services. While performing work for CIMCO, Holton was allegedly exposed to radiation while pulling tubes from the condenser. Holton asserted that he was injured when a Georgia Power employee treated him with a chemical to decontaminate him after the alleged exposure. Holton brought a workers' compensation claim against CIMCO and received benefits.

In response to Holton's suit, Georgia Power asserted that as Holton's statutory employer under OCGA § 34-9-8, it was insulated from tort liability under OCGA § 34-9-11. On that basis, the trial court granted Georgia Power's motion for summary judgment. *Held*:

In his sole enumeration of error, Holton contends that the trial court misconstrued the applicable law in finding that Georgia Power was his statutory employer. We disagree.

As a general rule, an owner who is in possession or control of the premises is not a statutory employer and is not immune from tort liability. *Yoho v. Ringier of America,* 263 Ga. 338, 341 (434 SE2d 57) (1993). However, an owner can attain "contractor" status under OCGA § 34-9-8 (a) " 'in the isolated situation, where [he] also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises.' (Cit.)" *Yoho,* 263 Ga. at 341. An owner who owes a secondary duty to another to perform a contractual duty is a "contractor" within the meaning of OCGA § 34-9-8 (a). *Dye v. Trussway, Inc.,* 211 Ga. App. 139, 140 (438 SE2d 194) (1993). The secondary liability and corresponding immunity apply to those who contract to perform certain work then sublet that work in whole or in part. *Redd v. Stanfield,* 217 Ga. App. 573, 574 (1) (458 SE2d 394) (1995).

The unrefuted evidence shows that Georgia Power had the responsibility of contracting for the performance of the maintenance work at Plant Hatch. Notwithstanding Holton's claim to the contrary, the record shows that Georgia Power was fulfilling its obligations as principal contractor in hiring CIMCO, an independent con-

tractor who was Holton's employer. See *Yoho*, 263 Ga. at 341. Under OCGA § 34-9-8, Georgia Power became Holton's statutory employer, potentially liable for his workers' compensation benefits. As Holton's statutory employer, Georgia Power was entitled to statutory immunity from Holton's tort claims under OCGA § 34-9-11. *Yoho*, 263 Ga. at 341; see *Finley v. Lehman*, 218 Ga. App. 789, 791 (2) (463 SE2d 709) (1995); *Intl. Leadburning Co. v. Forrister*, 213 Ga. App. 558, 559 (445 SE2d 546) (1994).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 12, 1997 — 

*Dickinson & Mixson, Michael K. Mixson*, for appellant.
*McNatt, Greene & Thompson, Hugh B. McNatt, Jones, Cork & Miller, H. Jerome Strickland*, for appellee.