A01A1665. MURPH v. MAYNARD FIXTURECRAFT, INC. et al.

(555 SE2d 845)

ELLINGTON, Judge.

Following the grant of his application for discretionary appeal, Michael Murph appeals the order dismissing his claim for workers' compensation against two potential statutory employers. See OCGA § 5-6-35 (a) (1). For the reasons which follow, we affirm the judgment as to MAPCO Petroleum, Inc.[1] and reverse the judgment as to Maynard Fixturecraft, Inc.

The following facts were not disputed: on February 10, 1998, while installing refrigeration equipment at a construction site, Murph fell off a ladder and was seriously injured. The construction project was a new "MAPCO Express Travel Center" in Cordele, Georgia. MAPCO, a Delaware corporation, hired Murphy & Sons, Inc. as the general contractor. MAPCO planned to include an ice cream store franchise in its travel center. The construction agreement between MAPCO and Murphy & Sons excluded any refrigeration work, so MAPCO hired a third company, Maynard, to furnish and install the refrigeration equipment needed for the project. Maynard, a Tennessee corporation with no employees in Georgia, hired a sole proprietor, Carlton Huff d/b/a Huff Refrigeration, to install the refrigeration equipment. When he was injured, Murph was working on the site as a salaried employee of Huff Refrigeration.

Murph named MAPCO, Murphy & Sons, Maynard, and Huff Refrigeration as employers in his notice of claim to the Board, and each moved to dismiss. After a hearing, an administrative law judge dismissed Murph's claim for workers' compensation benefits against MAPCO, Murphy & Sons, and Maynard.[2] The appellate division of the State Board of Workers' Compensation and the superior court affirmed the ALJ's decision. In this appeal, Murph contests only the dismissal of MAPCO and Maynard.

In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axio-

---

[1] MAPCO Petroleum, Inc. is sometimes identified below as Mapco Express, Inc.

[2] The ALJ earlier dismissed Huff Refrigeration after its unopposed motion showed it was not subject to the Workers' Compensation Act because it did not have three employees regularly in service in Georgia. See OCGA § 34-9-2 (a).

matic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding and that neither the superior court nor this court has any authority to substitute itself as a factfinding body in lieu of the Board. *Logan v. St. Joseph Hosp.*, 227 Ga. App. 853, 859 (3) (490 SE2d 483) (1997).

1. Murph contends the ALJ erred in dismissing MAPCO in that MAPCO was his "statutory employer" within the meaning of OCGA § 34-9-8 (a), citing *Holton v. Ga. Power Co.*, 228 Ga. App. 135 (491 SE2d 207) (1997). As we noted in *Holton*, an owner who is in possession or control of the premises is generally not a statutory employer under the Workers' Compensation Act. 228 Ga. App. at 136. But an owner is a statutory employer when the owner acts as a contractor for another, that is, where the owner owes a contractual duty to another to perform certain work and then hires a third entity to perform the work on the premises. Id. (power plant majority owner was repairman's statutory employer where majority owner owed minority owners a contractual duty to operate and maintain the plant and majority owner hired repairman's direct employer to perform that work).

Murph contends that MAPCO's franchise agreement with Baskin-Robbins USA Company required MAPCO to install the refrigeration equipment and therefore it acted as Baskin-Robbins' contractor when it hired Maynard. But there was evidence to support the ALJ's finding that MAPCO and Baskin-Robbins did not execute the franchise agreement until after Murph was injured. Thus, on the date Murph was injured, no contractual obligations existed between MAPCO and Baskin-Robbins which could support a conclusion that MAPCO was functioning in the dual role of owner and contractor. As the ALJ correctly found, MAPCO, the owner of the premises, could not be considered a contractor as to the particular work in which Murph was engaged and cannot be deemed a statutory employer under OCGA § 34-9-8 (a). *Yoho v. Ringier of America, Inc.*, 263 Ga. 338, 339-341 (434 SE2d 57) (1993) (printing plant owner was not solvent recovery system repairman's statutory employer where owner did not owe to another any contractual obligation of performance with regard to repair of the system). The ALJ did not err in dismissing MAPCO from Murph's workers' compensation claim.

2. The ALJ dismissed Maynard because it did not have three or more employees regularly in service in Georgia and, "[w]hen the statutory employer does not have the requisite number of employees to make it subject to the Georgia Workers' Compensation Act, the statutory employer cannot be held liable for payment of benefits to the subcontractor's employee," citing *Bradshaw v. Glass*, 252 Ga. 429 (314 SE2d 233) (1984). The ALJ did not address any alternate basis

for finding Maynard responsible for benefits. Murph contends that under OCGA § 34-9-124 (b)[3] Maynard was estopped from denying his claim because its agreement with MAPCO required it to provide workers' compensation coverage and it obtained such coverage. Under OCGA § 34-9-124 (b), if an employer purchases workers' compensation coverage, the employer and its insurer are estopped from denying coverage for a compensable claim, despite the fact that the employer was not obligated to provide coverage. *Lawrence v. Atlanta Door Co.*, 171 Ga. App. 741, 743 (1) (320 SE2d 627) (1984); *Ga. Cas. &c. Co. v. Brawley*, 135 Ga. App. 763, 764 (219 SE2d 176) (1975); *Security Ins. Group v. Plank*, 133 Ga. App. 815, 816 (1) (212 SE2d 471) (1975).

After examining the contracts between MAPCO and Maynard, we conclude that Maynard is estopped from denying coverage for Murph's injuries because it voluntarily undertook to ensure that its subcontractors' employees were covered. MAPCO and Maynard entered into a purchase contract for a particular walk-in cooler/freezer and a "Master Field Services Contract" for the installation of the refrigeration unit. Maynard, as the contractor, agreed, before commencing any work under the agreement, to acquire certain insurance policies including workers' compensation coverage and to furnish MAPCO, as owner, certificates of insurance evidencing the existence of the insurance policies. Maynard further agreed to "require all subcontractors to obtain, maintain, and keep in force during the time in which they are engaged in performing Services hereunder the same insurance coverage as required of Contractor, unless Owner agrees in writing to lesser coverage, and upon request furnish Owner acceptable evidence of such insurance." Thus, under the master field services contract, Maynard had a contractual obligation to ensure that Huff Refrigeration had workers' compensation coverage. See, e.g., *Franks v. Avila*, 200 Ga. App. 733 (1) (409 SE2d 564) (1991). Although company president Robert Maynard expected Huff Refrigeration to carry its own workers' compensation coverage, it is undisputed that Huff Refrigeration had no such policy.

Even if Maynard's workers' compensation policy did not provide coverage for Murph, Murph was at least a third-party beneficiary to Maynard's agreement to require its subcontractors, including Huff

---

[3] OCGA § 34-9-124 (b) provides:

A policy of insurance issued under this chapter shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this chapter shall not plead as a defense that the employer is not subject to this chapter. . . . In [such] case compensation shall be paid to an injured employee . . . for a compensable accident as if the employer or the employee or both were subject to this chapter, the policy of compensation insurance constituting a definite contract between all parties concerned.

Refrigeration, to insure their employees. See OCGA § 9-2-20 (b); *Paz v. Marvin M. Black Co.*, 200 Ga. App. 607, 608 (1) (408 SE2d 807) (1991) (treating worker as a third-party beneficiary of contract between contractor and subcontractor). Maynard's promise to require its subcontractors to have workers' compensation insurance was clearly intended for the benefit of the subcontractors' employees. See *Rowe v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 768 (1) (525 SE2d 123) (1999).

By failing to require Huff Refrigeration to "obtain, maintain, and keep in force" such a policy while engaging in work at MAPCO's travel facility, Maynard became liable for providing such coverage, either personally or through its own workers' compensation insurance policy. See OCGA § 34-9-124 (b). This holding is consistent with the policy of the statutory employer provisions that construction workers be covered by workers' compensation. See *Wright Assoc. v. Rieder*, 247 Ga. 496, 499-500 (1) (277 SE2d 41) (1981). The ALJ erred in dismissing Murph's claim against Maynard. "Where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings." (Citations and punctuation omitted.) *Williams v. Crompton Highland Mills*, 190 Ga. App. 621, 625 (3) (379 SE2d 622) (1989). See OCGA § 34-9-105 (c) (5). We therefore reverse the judgment as to Maynard with direction to remand the case to the State Board of Workers' Compensation for a decision on the merits. *Mickens v. Western Probation Detention Center*, 244 Ga. App. 268, 270-271 (2) (534 SE2d 927) (2000).

*Judgment affirmed in part and reversed in part and case remanded with direction. Johnson, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 26, 2001 —
RECONSIDERATION DENIED NOVEMBER 16, 2001 —

*Moskowitz & Carraway, Bruce H. Carraway III*, for appellant.

*Carlock, Copeland, Semler & Stair, Robert C. Semler, Hatcher, Stubbs, Land, Hollis & Rothschild, Teri Y. Callahan, Savell & Williams, Lynda S. Williams*, for appellees.