A02A1428, A02A1429. MILLIKEN & COMPANY et al.
v. POYTHRESS; and vice versa.
(571 SE2d 569)

ELLINGTON, Judge.

Following the grant of their application for discretionary appeal in this workers' compensation case, Milliken & Company and Liberty Mutual Insurance Company (collectively, "the employer") appeal the order of the superior court affirming the administrative law judge's (ALJ's) grant of benefits to John Poythress. Following the grant of his application for discretionary appeal, Poythress appeals the order of the superior court reversing the ALJ's award of attorney fees to him. In Case No. A02A1428, we conclude that the ALJ's award of benefits was supported by the evidence and accordingly affirm the superior court's ruling in that regard. On the other hand, we find the superior court erred in ruling that the ALJ's award of attorney fees was not authorized. Accordingly, in Case No. A02A1429, we reverse the superior court's ruling and reinstate the ALJ's award of attorney fees.

> In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.

(Citations and punctuation omitted.) *Logan v. St. Joseph Hosp.*, 227 Ga. App. 853, 859 (3) (490 SE2d 483) (1997).

*Case No. A02A1428*

1. In related enumerations, the employer challenges the factual findings of the ALJ.

Viewed in the light most favorable to Poythress as the party prevailing before the appellate division, the record shows the following: For 13 years, Poythress worked in the employer's textile mill baling towels. In March 1997, Poythress first complained to his supervisor that he was having pain in his neck, arms, and wrists, along with swelling, tenderness, and numbness in both hands, from operating the bale press. Poythress requested a transfer to another plant. Poythress first sought medical treatment and first applied for workers' compensation benefits in October 1999.

On April 7, 2000, Poythress again sought medical treatment and was diagnosed with inflammation of a tendon in his left wrist, a repetitive use injury attributed to his employment; the condition is called de Quervain's disease or radial styloid tendonitis or tenosynovitis. Poythress also received a diagnosis of degenerative cervical disk disease and cervical spondylosis, also known as severe arthritis of the neck vertebra, which caused operating a bale press to be painful.

The treating physician declared Poythress temporarily disabled effective April 7, 2000. The employer denied Poythress' request for workers' compensation benefits. Poythress requested light-duty work, but none was available. On September 25, 2000, Poythress had surgery to his left wrist. He was cleared for full-duty work beginning February 12, 2001.

The ALJ awarded Poythress temporary total disability benefits for the period from April 8, 2000, to February 12, 2001, with the exception of one week when he worked following his wrist surgery. The Appellate Division of the State Board of Workers' Compensation affirmed the ALJ's award. The superior court affirmed the ALJ's decision as to disability benefits.

Based on our review of the entire record, we find the ALJ's conclusion that Poythress had a compensable injury and was disabled from April 7, 2000, to February 12, 2001, was supported by evidence. See *Young v. Columbus Consolidated Govt.*, 263 Ga. 172, 173 (1) (430 SE2d 7) (1993) (testimony of employee can establish inability to perform job duties). At this stage, we lack the authority to resolve the questions of credibility and conflicts in the evidence identified by the employer. OCGA § 34-9-105 (c), (d); *Murph v. Maynard Fixturecraft, Inc.*, 252 Ga. App. 483 (555 SE2d 845) (2001); *Southwire Co. v. Molden*, 223 Ga. App. 389, 392 (477 SE2d 646) (1996). Accordingly, we affirm the order of the superior court affirming the ALJ's award of benefits.

*Case No. A02A1429*

2. Poythress contends the superior court erred in reversing the award of attorney fees because there was evidence the employer unreasonably denied his claim for workers' compensation benefits and, in the alternative, because the employer failed to controvert his claim in the time allowed.

The ALJ awarded attorney fees of 25 percent because "this claim has been unreasonably defended, at least in part, after medical evidence demonstrated an injury arose out of and in the course of the employment and benefits should have been then provided." See OCGA § 34-9-108 (b) (1). The ALJ stated as an alternative basis for "25 percent quantum meruit" attorney fees that "no required WC-1 was filed until the hearing." The superior court reversed, stating "there is not sufficient competent evidence in the record that the defense of such claims was unreasonable and the ruling otherwise is contrary to law and the evidence in the record."

The ALJ was authorized to award attorney fees based on the employer's failure to timely file the mandatory "Employer's First Report of Injury or Occupational Disease," designated Form WC-1. OCGA § 34-9-221 (d) provides: "If the employer controverts the right to compensation, it shall file with the board, on or before the twenty-first day after knowledge of the alleged injury or death, a [WC-1] notice . . . stating that the right of compensation is controverted." OCGA § 34-9-108 (b) (2) provides:

> If any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer.

See Rules and Regulations of the State Board of Workers' Compensation Rule 221 (d) ("Failure to file the Form[ ] WC-1 . . . before the 21st day after knowledge of the injury or death may subject the employer/insurer to an assessment of penalties or attorney's fees.").

The record conclusively establishes that the employer knew about Poythress' claim of a work-related injury at least by October 12, 1999, when the human resources manager made an appointment for Poythress with a panel doctor. The record also establishes that the employer filed its WC-1 on February 2, 2001, the date of the hearing, after the ALJ had reset the hearing at least four times. The employer did not offer any explanation for its noncompliance with

OCGA § 34-9-221 (d). Consequently, the evidence supports a finding that such noncompliance was without reasonable grounds. *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137, 139 (2) (473 SE2d 166) (1996).

Because the ALJ's award of attorney fees was authorized by law and the evidence in the record, the superior court erred in reversing the award of fees.

*Judgment affirmed in Case No. A02A1428. Judgment reversed in Case No. A02A1429. Smith, P. J., and Eldridge, J., concur.*

Decided September 24, 2002 — ▮▮▮▮▮▮▮▮▮▮

*Lewis, Taylor, Todd & Dixon, John M. Taylor*, for appellants.
*Bennie H. Black*, for appellee.