A03A0678. JERED INDUSTRIES, INC. et al. v. PEARSON.
(582 SE2d 522)

RUFFIN, Presiding Judge.

Stanley Pearson sustained a work-related back injury and sought to have his injury designated catastrophic. Pearson's employer, Jered Industries, Inc., and its insurance company, American Home Assurance Company ("Employer/Insurer"), contested the catastrophic designation. Following a hearing, an administrative law judge ("ALJ") at the State Board of Workers' Compensation ("State Board") concluded that the injury was not catastrophic, and the appellate division agreed. Pearson then appealed to the superior court, which reversed the State Board. We granted the Employer/Insurer's application for discretionary appeal, and for reasons that follow, we reverse.

In reviewing an award of workers' compensation benefits, the appellate courts of this State are required to construe the evidence in the light most favorable to the party prevailing before the State Board.[1] "It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board."[2]

Viewed in the light most favorable to the Employer/Insurer, the record shows that, in October 1994, Pearson injured his back during the course of his employment. As a result of this injury, Pearson underwent three back surgeries. In 1998, after the third surgery, Pearson returned to Jered Industries in a light duty position. Accord-

[1] See *Milliken & Co. v. Poythress*, 257 Ga. App. 586 (571 SE2d 569) (2002).
[2] Id.

ing to Pearson, the job increased his back pain, and he stopped working after three weeks. Pearson's physician, Dr. Gold, examined Pearson in February 1999 and concluded that, based on the extent of his surgeries, he was unable to work and was "permanently and totally disabled at this time."

Pearson then applied for social security disability benefits, which he was awarded in December 1999.[3] On July 26, 2000, Pearson petitioned the State Board to receive rehabilitation services, which employers are required to provide for catastrophic injuries.[4] The Employer/Insurer contested the catastrophic designation and requested a hearing on the issue. Prior to the hearing, Pearson underwent a functional capacities examination, which was supervised by Dr. John Muenz. Following the examination, Dr. Muenz concluded that, although Pearson was not able to return to his former job as an assembly worker, he was capable of performing sedentary work. Dr. Gold deferred to Dr. Muenz's conclusion and agreed that Pearson was capable of performing light duty work.

Based upon this and other evidence, the ALJ concluded that Pearson's "injury is not one that is properly classified as catastrophic." The appellate division agreed, finding that the "preponderance of the competent and credible evidence supports the administrative law judge's denial of catastrophic designation under OCGA § 34-9-200.1 (g) (6)." The superior court disagreed, however, and reversed.

Under the applicable version of OCGA § 34-9-200.1 (g) (6),[5] a catastrophic injury is defined as an "injury of a nature and severity as has qualified or would qualify an employee to receive disability income benefits under Title II or supplemental security income benefits under Title XVI of the Social Security Act." In interpreting this Code section, our Supreme Court has concluded that an award of Social Security benefits creates "a rebuttable presumption that the claimant has suffered a compensable 'catastrophic injury.' "[6] Whether the presumption has been rebutted is a question for the factfinder.[7]

Although the State Board found that the Employer/Insurer rebutted the presumption that Pearson's injury was catastrophic, the superior court concluded otherwise. However, "[t]he superior court is substantially limited in its power to overturn the decision of the board. Absent a legal error, review by a superior court is confined to

---

[3] The Social Security Administration found that Pearson was entitled to social security benefits beginning March 1998, and it paid the benefits retroactively to that date.

[4] See OCGA § 34-9-200.1 (a).

[5] Although this statute was subsequently amended, the parties concede that the applicable statute is the pre-1995 version of OCGA § 34-9-200.1 (g).

[6] *Cobb County School Dist. v. Barker*, 271 Ga. 35, 39 (3) (518 SE2d 126) (1999).

[7] See id. at 39-40 (case remanded to ALJ to determine whether presumption of catastrophic injury rebutted).

a determination of whether any evidence supported the decision of the appellate division."[8] Given the evidence that Pearson was able to perform at least sedentary work, some evidence supported the findings of the State Board that Pearson's injury was not catastrophic.[9] Thus, the superior court should have affirmed the award finding Pearson's injury to be noncatastrophic, and we reverse.[10]

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 22, 2003.

*McLain & Merritt, Thomas C. Holcomb, William P. Jones*, for appellants.

*Robert L. Crowe*, for appellee.

---

[8] (Citation and punctuation omitted.) *WAGA-TV v. Yang*, 256 Ga. App. 224, 227-228 (568 SE2d 58) (2002).

[9] Generally, an award of social security disability benefits demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." (Punctuation omitted.) *Cobb County*, supra at 38-39.

[10] See *Yang*, supra; *Georgia-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 126 (1) (522 SE2d 700) (1999) (in appeal of workers' compensation award, superior court "not authorized to reweigh the evidence or to judge the credibility of the witnesses").