## A06A0572. CASWELL, INC. et al. v. SPENCER.
(633 SE2d 449)

JOHNSON, Presiding Judge.

Ernest Spencer was awarded workers' compensation benefits for back injuries sustained while working for Caswell, Inc. He applied to the State Board of Workers' Compensation for a designation of his injuries as catastrophic under OCGA § 34-9-200.1 (g) (6). An administrative decision issued by a rehabilitation coordinator found that the injuries are catastrophic because, among other things, Spencer's age of 62 years renders him unable to adapt to even light duty work.

Caswell and insurer AIU Insurance Company requested, and were granted, a hearing before an administrative law judge. The administrative law judge rejected the administrative decision, expressly disagreeing with the finding that a 62-year-old is unable to adapt to light duty work, and held that Spencer's injuries are not catastrophic. The appellate division of the board adopted the administrative law judge's decision as its own.

Spencer then appealed to superior court, arguing, among other things, that the board had erred in failing to consider his age in deciding his claim. The court agreed with Spencer and remanded the case to the board for reconsideration of the claim, finding that an expert opinion upon which the administrative law judge had relied did not include consideration of Spencer's age.

Caswell and AIU filed an application for discretionary appeal. We granted the application, and Caswell and AIU timely filed their notice of appeal. Because it is clear from the record that the administrative law judge did in fact consider the issue of age, we reverse the superior court's remand order.

OCGA § 34-9-200.1 (g) (6) (A) provides that a "catastrophic injury" means "[a]ny other injury of a nature and severity that prevents the employee from being able to perform his or her prior work and any work available in substantial numbers within the national economy for which such employee is otherwise qualified." This court has noted that under the comparable federal provision, the Supreme Court has held that age is a factor to consider in determining whether other jobs exist for which the employee is qualified.

We note that the United States Supreme Court has held that consideration of the comparable federal provision requires an assessment of an individual's abilities in order to determine whether jobs exist that a person having the individual's qualifications could perform. This would include consid-

eration of the individual's physical ability, age, education, and work experience.[1]

In the instant case, contrary to the ruling of the superior court, it is apparent from the record that Spencer's age was an issue considered by both the administrative law judge and the expert whose testimony he found to be credible. In his written decision, the administrative law judge expressly disagreed with the assessment in the initial administrative decision that a 62-year-old is inherently unable to adapt to the demands of work within the light duty range. He also rejected a rehabilitation counselor's testimony that a 62-year-old is not able to learn new skills easily because of his age. The administrative law judge gave no weight to this opinion because it was not supported by any medical or psychological evidence, the counselor did not perform any tests on Spencer to determine his ability to learn new skills, and instead she based her opinion solely on Social Security standards which were never placed into evidence.

But the administrative law judge did find testimony from vocational specialist William Thompson to be credible. Thompson testified that it is important to consider age in rendering an opinion on a person's ability to perform work, but he disagreed with the statement that someone who is 62 years of age is unable to learn new skills. He testified that he knows of no rule or school of thought in vocational rehabilitation that a 62-year-old cannot learn new skills. He further testified that new research indicates that many people of retirement age are going back to work, opining that people at any age can learn a new skill. In making a vocational evaluation of Spencer, he determined that in the national economy there are some four million jobs that Spencer could perform.

Based on Thompson's testimony, the administrative law judge concluded that there are jobs available in the national economy which the 62-year-old Spencer is qualified for and which he can perform, and thus his injuries are not catastrophic. Since it is apparent from the record that Spencer's age was one of the issues considered by the administrative law judge in reaching his decision, as well as by Thompson in reaching his expert opinion, the superior court's finding that age was not properly considered is simply unfounded. The court therefore erred in remanding the case to the board for reconsideration of the claim on that basis.

We note that this opinion makes no judgment as to whether the board's decision should be upheld or overturned. That judgment must

---

[1] (Citations and punctuation omitted.) *Davis v. Carter Mechanical*, 272 Ga. App. 773, 777, n. 2 (612 SE2d 879) (2005).

be rendered by the superior court upon the return of the case to that court. Of course, absent legal error the superior court's review of the board's decision is confined to a determination of whether any evidence supports the decision.[2]

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 23, 2006 — 

McLain & Merritt, Jeffrey E. Hickcox, Swift, Currie, McGhee & Hiers, Charles E. Harris IV, for appellants.
Smith, Wallis & Scott, Christopher B. Scott, for appellee.

