A07A0638. AXSON TIMBER COMPANY et al. v. WILSON.
(649 SE2d 609)

ADAMS, Judge.

In this workers' compensation case, the issue is whether the injury occurred at a premises on which the statutory employers had undertaken to execute work or which was otherwise under their control or management. See OCGA § 34-9-8 (d).

Axson Timber Company buys, procures, and sells wood to paper mills in Georgia and Florida. Axson secured the right to cut timber on certain tracts of land and hired Rice Timber Company to cut the timber. Rice in turn hired White Trucking Company to haul the lumber to the customer's mill. Appellee Kenneth Wilson drives trucks for White Trucking. He was injured at a mill in Florida while delivering a load of lumber. He alleges that as he stepped down from the cab of the tractor, he stepped on a tree limb or log, fell, and hurt his back. White Trucking did not have workers' compensation insurance, and Wilson eventually sought coverage from Axson and Rice as statutory employers.

The administrative law judge found that Wilson was an employee of White Trucking (not an independent contractor) and that his injury occurred on a premises controlled or managed by Axson and Rice. Accordingly, the ALJ held that Rice is secondarily liable as a

statutory employer, and that Axson has tertiary liability as a statutory employer.[1] The ALJ's decision was affirmed by the Appellate Division, and affirmed by the Superior Court of Lowndes County by operation of law. We granted the discretionary appeal filed by Axson, Rice, and Capital City.

OCGA § 34-9-8 (a) provides that principals, intermediates, and subcontractors are equally liable for compensation as the immediate employer:

> A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer.

As a consequence of this section, principal, intermediate, and subcontractors are made the "statutory employers" of the subcontractor's employee, *Wright Assoc. v. Rieder*, 247 Ga. 496, 497 (277 SE2d 41) (1981), but only in cases "where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." OCGA § 34-9-8 (d).

In *American Mut. Liability Ins. Co. v. Fuller*, 123 Ga. App. 585 (181 SE2d 876) (1971), a trucking company subcontracted with another company for interstate transport of a load. The subcontractor's employee who drove the rig was injured on the highway in South Carolina when he fell from the truck while attempting to shift the load. This Court held that the principal trucking company was the statutory employer of the subcontractor's employee because the highways were the "premises" upon which the principal trucker had undertaken to execute work. Id. at 587-588.

The ALJ in the present case relied on *Fuller* and found that the shipping destination was no different from the highway along which the goods were shipped for the purpose of determining whether the shipper had control or management of the location of the injury. Although *Fuller* could be extended to cover the facts in the present case, this Court has already refused to do so. See *Gramling v. Sunshine Biscuits*, 162 Ga. App. 863 (292 SE2d 539) (1982). In *Gramling*, Sunshine Biscuits hired Bennett Motor Express to transport goods to its customer. Gramling, the driver, was injured while unloading the trailer at the customer's location. (When loading the trailer, Sunshine's employees had covered a hole in the floor of the

---

[1] Capital City Insurance Company – Rice's and Axson's workers' compensation carrier – is also a party.

trailer with cardboard, and Gramling fell through that hole while unloading.) Bennett paid Gramling workers' compensation benefits. Id. When Gramling brought a tort action against Sunshine, this Court held that Sunshine was not entitled to tort immunity as the statutory employer of Gramling because, "[w]e will not extend the word 'premises' to include the premises of the shipper's customer to which the goods were delivered." Id. at 864.

Although *Gramling* addressed immunity from tort, "[t]he quid pro quo for the statutory employer's potential liability is immunity from tort liability." *Wright Assoc.*, 247 Ga. at 500 (1). Accordingly, the holding in *Gramling* is applicable here and controlling. Also, imposing workers' compensation liability on a shipper for an injury that occurred at a location over which it had no control would render the shipper an insurer, which was not the intent of the Workers' Compensation Act. See *Beers Constr. Co. v. Doyle*, 230 Ga. App. 593, 595 (496 SE2d 921) (1998) (physical precedent only).

Because neither Axson nor Rice were Wilson's statutory employers, they are not liable for workers' compensation benefits. Accordingly, we need not reach Axson and Rice's second enumeration of error regarding whether Wilson was an independent contractor.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

---

DECIDED JULY 10, 2007 —

*Jones, Cork & Miller, Rufus D. Sams III, Callie Dickson Bryan*, for appellants.

*Dover, Miller, Stone & Karras, Wilton E. Stone, Jr., Closson, Bass & Tomberlin, J. Michael Bass*, for appellee.

